## LOUIS PEIPHO *v.* ELIZABETH PEIPHO.

1. PLEADING—*construed most strongly against the pleader.* The allegations in a bill, like those in any other pleading, when they are in any degree equivocal, must be taken in the sense most unfavorable to the party whose pleading is the subject of construction.

2. SAME—*bill for divorce.* So, upon bill filed by the husband for divorce on the ground of the alleged impotency of the wife, alleging that the wife was an hermaphrodite, and when sexually excited no male could have sexual intercourse with her, and charged that so the defendant was naturally impotent at the time of the marriage, and so continued: *Held*, upon demurrer, the bill failed to show the malformation complained of was such as necessarily to constitute impotency.

3. DIVORCE—*impotency—acquiescence.* Where the complainant, in such case, sought a divorce thirteen years after the marriage, and for near eight years had cohabited with the defendant, with full knowledge and without complaint as to impotency, it was *held*, that in absence of strong rebutting facts he must be taken to have accepted the situation, and could not be heard to complain. Mere motives of delicacy are not a sufficient explanation of such long continued acquiescence.

APPEAL from the Circuit Court of Hancock county; the Hon. JOSEPH SIBLEY, Judge, presiding.

This was a bill for divorce, filed by the appellant, against the appellee. The bill alleges the marriage of the parties on May 2, 1863, while complainant was in the military service of the United States, and that immediately after the marriage he re-joined his regiment, where he remained until his discharge, in 1864, when he returned home and lived with the defendant until some time in the month of January, 1872, when she became insane, and was sent to the insane hospital in Jacksonville, where she had since remained; that shortly after his return from the army he discovered that the defendant was an hermaphrodite, and when sexually excited no male could have sexual intercourse with her, and the bill charges that so the defendant was naturally impotent at the time of the marriage, and so continued to the present time. A guardian *ad litem* was appointed to make defense for the defendant, who filed a general demurrer, which the court sustained and dismissed the bill, from which order this appeal was taken. ·

Mr. THOMAS C. SHARP, for the appellant.

Per CURIAM : Appellant seeks a divorce for impotency. The circuit court sustained a demurrer to the bill. Taking all the allegations of the bill as true, we agree with the circuit court in holding that appellant is not entitled to the relief sought.

The allegations in a bill, like allegations in other pleadings, where they are in any degree equivocal, must be taken in the sense most unfavorable to the party whose pleading is the subject of construction.

Testing the allegations of this bill by this rule, it fails to show that the malformation complained of is such as necessarily to constitute impotency.

In this case no complaint on account of the cause alleged seems to have been made by complainant until in May, 1876; nor was there any election on his part to avoid the marriage contract on that ground until at that time. This was more than thirteen years after the marriage. For near eight years complainant cohabited with appellee, with full knowledge and without complaint of this cause.

In the absence of strong rebutting facts, he must be taken to have accepted the situation, and can not now be heard to complain. Mere motives of delicacy are not a sufficient explanation of such long continued acquiescence.

We think the decree of the circuit court was right, and it must be affirmed.

*Decree affirmed.*