FREDERICKA LORENZ

*v.*

THEODORE LORENZ.

1. DIVORCE—*burden of proof to show impotency.* Where a wife seeks a divorce on the ground of the impotency of her husband, the burden of proof is on her to establish not only the impotency as charged, but also that it is incurable.

2. SAME—*admissions of defendant.* Where a divorce sought upon such ground is refused on the proof of the husband's admission of impotency, in the absence of anything to the contrary appearing, it will be presumed the court was not satisfied of the sincerity of such admission, and that there was no abuse of discretion in that regard.

3. SAME—*on testimony of complainant.* Under the statute the court is not bound to take the testimony of a party as true. The statute requires that the cause for divorce be fully proven by reliable witnesses,—and while this does not authorize the court to capriciously and arbitrarily disregard evidence, or refuse to act when the proof is reasonably clear, still it vests the court with a considerable degree of discretion in regard to the proofs.

4. SAME—*lapse of time.* When a wife seeking a divorce on the ground of the impotency of her husband, admits that she lived with him for ten years, during all which time he was impotent, her living with him and making no complaint is a circumstance that may be considered as tending to show her story is a fabrication.

APPEAL from the Superior Court of Cook county.

Messrs. ALLEN, BARNUM & ALLEN, for the appellant.

Per CURIAM: Appellant filed her bill against appellee, in the court below, praying for a divorce on the ground of appellee's impotency. No appearance was entered by appellee, and the cause was submitted to the chancellor upon oral proofs, who, after hearing the same, decreed that the bill be dismissed.

The burden of proof was on appellant to establish not only that appellee was impotent, as charged, but also that such impotency is incurable. § 332, Bishop on Marriage and Divorce, vol. 1, (5th ed.); *Devenbagh* v. *Devenbagh,* 5 Paige, 557.

The only evidence here of appellee's impotency is his admission to that effect, and the inference to be drawn from appellant's evidence that during their cohabitation as husband and wife he has made no offer to have sexual intercourse with her. Whether, assuming that he is in fact impotent, his impotency is curable or incurable is not proved. The only physician examined, Dr. Lewis, does not even testify that he knows him to be impotent. He says, after speaking of

appellee's admission that he has been impotent for ten years, "at the same time I am not able to state to a certainty that it is impossible for him to have intercourse. It is impossible for me to state that he is impotent. That is a matter that can not be stated with exactitude without knowledge, of course. * * * There is no malformation at all of either of the organs. There is no atrophy of any of the organs." * *

Waiving this, however, there is another ground upon which the decree below may be affirmed.

Whether the admission of appellee that he was impotent, should be taken as evidence, depended upon whether the chancellor was satisfied that it was made in sincerity, and without fraud or collusion to enable appellant to obtain a divorce, for the statute expressly declares that "no confession of the defendant" in a suit for divorce shall be taken as evidence "unless the court or jury shall be satisfied that it was made in sincerity, and without fraud or collusion to enable the complainant to obtain a divorce." Rev. Stat. 1874, chap. 40, title "Divorce," § 9.

From anything before us we can not say that the chancellor should have taken the admission of appellee as evidence. It does not affirmatively appear that his discretion in that regard was abused.

As before observed, the only evidence of appellee's impotency, apart from his admission, is the inference to be drawn from the testimony of appellant, that during their cohabitation as husband and wife he made no offer to have sexual intercourse with her.

We can not say that the court was bound to believe this testimony, simply because it was testified to by the appellant. The § 8 of the chapter relating to divorces, referred to *supra*, provides: "If the bill is taken as confessed, the court shall proceed to hear the cause by examination of witnesses in open court, and in no case of default shall the court grant a divorce, unless the judge is satisfied that all proper means have been taken to notify the defendant of the pen-

dency of the suit, *and that the cause of divorce has been fully proven by reliable witnesses."*

While this does not authorize a chancellor to capriciously and arbitrarily close his ears to evidence, and to refuse to act where the proof is reasonably clear and convincing that he should act, still it vests him with a considerable degree of discretion in regard to the proofs; and the evidence should be full and satisfactory that he has abused such discretion to authorize a reversal of his decree on the ground that it is contrary to the evidence.

Our records furnish evidence that in divorce cases, above all others, courts are liable to be imposed upon, and the administration of the law brought into disgrace through collusion of parties and the corrupt practices of unprincipled shysters. This is peculiarly so in the large cities,—and there is, therefore, in this an additional inducement to sustain the decree below, unless it is clear the chancellor can not, upon any view of the case, be sustained.

The appellant's story, as detailed in her evidence, has some marks of improbability in it, and the fact that she has waited for ten years before bringing the suit is strongly against her,— not as showing a condonement, (if such a term could be applicable here,) but as a circumstance tending to show that her story is a fabrication.

Under the law, as administered in the English courts, a less delay than that here, where the husband has been an applicant for divorce on the ground of the impotency of the wife, has been held a bar to his right to a decree. 2 Bishop on Marriage and Divorce, (5th ed.) § 582. And so we held in *Peipho* v. *Peipho*, 88 Ill. 438.

A greater delay, however, may be excused where the wife is an applicant for divorce on the ground of the impotency of the husband, upon the presumption that she may be restrained from making the application on this ground by reason of the modesty of her sex.

The principle, however, in all such cases is, delay in making

the application for divorce on the ground of the impotency of the opposite party is a circumstance tending to impeach the *bona fides* of the allegation—of greater or slighter importance as the application may be made by the husband or the wife, and in proportion to the extent of the delay.

So here, we conclude this long and unexplained delay by appellant in making this charge, is a circumstance which the chancellor was authorized to take into consideration in determining what reliance to place upon appellant's statements.

Again, it is to be taken into consideration that it is the evidence of appellant alone, a highly interested party, which sustains this charge. It is not the policy of the law to place the question of whether parties shall be divorced or not entirely within their own control.

And again, this evidence was all given orally before the chancellor. For aught that we can now know, he may have perceived that in the actions, looks and tones of voice of appellant, while testifying, that convinced him that she was speaking falsely. It is within the experience of most who have been long familiar with trials, that witnesses are sometimes thus properly discredited; and how are we to know that such may not have been the fact here.

No end of good government can be subserved by giving to every applicant the right to a divorce, upon condition only that he or she shall swear to the existence of some statutory cause, without regard to whether the story shall be believed to be true or false. The danger of injustice and wrong is much less in refusing than in granting divorces upon the evidence of the applicant alone.

We can not say, on the record before us, there is such evidence that the chancellor abused the discretion with which he is invested in matters of divorce, as requires that his decree should be reversed. It is, therefore, affirmed.

*Decree affirmed.*

Mr. JUSTICE SCOTT, dissenting:

One of the causes for which a divorce may be granted, as contained in our statute, is, "that either party at the time of such marriage was and continues to be naturally impotent." The evidence found in the record, in my opinion, makes a case exactly within the meaning of the statute, and I can not understand why the court below refused the relief asked in the bill. The facts and circumstances in evidence, it seems to me, show beyond doubt that defendant was, at the time of the marriage, naturally impotent, and was so at the time of filing the bill. The case, in its nature, is not susceptible of more direct proof.

It is also evident from the testimony that the infirmity of defendant is incurable. The fact that complainant lived with defendant for a period longer than was necessary for him to be cured of his weakness, if it were possible, ought not to bar her of relief. The delay may be excused on account of that repugnance every woman possessed of the slightest refinement would have to applying for a divorce for the cause alleged.

Under our law, written as plainly as it can be expressed in the statute book, complainant is entitled to have the marriage relations existing between herself and defendant dissolved, and as the relief sought for the cause set forth is not forbidden by any consideration of sound morality, it ought to have been granted.