## GREENE v. AURORA RYS. CO.

(Circuit Court, N. D. Illinois, E. D. January 24, 1908.)

### No. 28,519.

1. EQUITY—PLEADING—EXCEPTION TO ANSWER.

Exceptions may not be taken for insufficiency to new matter alleged in an answer which constitutes a substantial defense.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 19, Equity, § 524.]

2. CORPORATIONS — ACTIONS — PLEADING — IMPERTINENCE — CONSTRUCTION OF PLEADING.

An answer of a corporation in equity, which sets up an amendment to its charter which under the statute may or may not constitute a substantive defense to the bill, depending on whether it was made before or after the commencement of the suit, but which fails to allege the date of the

amendment, must be construed against the pleader, and is subject to exception for impertinence.

In Equity. On exceptions to answer.

Newman, Northrup, Levinson & Becker and Chester E. Cleveland, for complainant.

Dolph, Buell & Abbey, for defendant.

KOHLSAAT, Circuit Judge. This cause is now before the court on exceptions to answer. Defendant's original charter was held bad in the case of Gillette v. Aurora Railways Company, decided in 228 Ill. 263, 81 N. E. 1005. To meet the objections of the court set out in that case, defendant amended its charter, which fact it sets out in its answer in the following words:

"* * * And this defendant states and charges the facts to be and avers: That its articles of incorporation have been duly and legally amended so as to read as follows: 'Second: It is proposed to construct the said railroad from the city of Aurora, Kane county, Illinois, to the city of Naperville, Dupage county, Illinois.' That certificate of such change and amendment to the articles of incorporation of this defendant have been duly filed in the office of the Secretary of State of the state of Illinois, in the office of the recorder of deeds of the county of Kane, in the state of Illinois, and in the office of the circuit clerk and ex officio recorder of deeds of the county of Dupage, in the state of Illinois. This defendant states and charges the fact to be that said amended articles of incorporation do contain the places from and to which the Aurora Railways Company intends to construct its proposed railway, and that this defendant has the right to construct its proposed railroad under its said articles of incorporation"

—omitting, as will be noted, the date of such amendment. The statute (paragraph 56 of chapter 32, entitled "Corporations," Hurd's Rev. St. Ill. 1905), under which clause the amendment was made, provides that changes of charter "shall not affect suits pending in which such corporation or corporations shall be parties, nor shall such changes affect causes of action, nor the rights of persons in any particular."

The exception is taken both to the form of the answer as to sufficiency and to the substance thereof as for irrelevancy and impertinence. Exception may not be taken for insufficiency to new matter alleged in an answer which constitutes a substantial defense. 1 Ency. P. & P. p. 898, and cases cited. Whether such a defense is set up by the answer, therefore, becomes a primary inquiry. There seems to be some authority under the decision of the Illinois court in the case of Bradley Mfg. Co. v. Chicago & So. Traction Company, 229 Ill. 170, 82 N. E. 210, for holding that the charter in question might have been legally amended under the statute above quoted, limited as therein stated. On the face of the answer, it does not appear but that the amendment may have been made prior to the institution of the proceedings herein. In the Bradley Case the court held good a charter which had been amended in substantially the same respect as was that now before the court, although the validity of the amendment, and of the charter as amended, was not directly in question. I am not prepared to say, in view of the Bradley Case, that if the amendment to the charter set out in that part of the answer which is excepted to had been made before the filing of the bill herein the answer would

not have constituted a substantive defense to the bill, and, therefore, subject to exception for impertinence. Clearly, the answer leaves the court and party complainant in an uncertain state of mind as to whether it comes within the conditions of the statute quoted. In Peipho v. Peipho, 88 Ill. 438, and Phelps v. McDonald, 99 U. S. 298, 25 L. Ed. 473, it is decided that in such cases the doubts must be resolved against the pleader. The application of this rule seems most reasonable and fair in the present suit.

Following this rule, the court finds that the amendment to the charter was presumptively made subsequent to the filing of the bill herein, and is, therefore, under the statute aforesaid, irrelevant, and is not proper matter of defense herein. It is therefore ordered that the exception for impertinence be sustained and said matter stricken from the answer.