# CHARLESTON.

SALLIE LOCKHART et als. v. JEROME A. HOKE, ADMR. ETC.

Submitted January 14, 1920.   Decided January 20, 1920.

1. EQUITY—*Bill Not Multifarious, When Alternative Relief Sought is Consistent and Based on Practically Same Facts.*

    A bill framed in a double aspect, praying for relief in the alternative against the same defendants, is not multifarious when the forms of relief prayed for are not inconsistent and are based on practically the same state of facts. .(p. 382).

2. SAME—*Bill Not Enabling Court to Afford Some Form of Relief Prayed For is Demurrable.*

    Relief in equity must be based on pleading as well as proof, and if the averments of the bill are not stated with reasonable certainty and clearness, so as to enable the court to see that plaintiff is entitled to some form of relief prayed for, it is demurrable.   (p. 385).

Certified Questions from Circuit Court, Greenbrier County.

Bill by Sallie Lockhart and others against Jerome A. Hoke, administrator, etc.   Demurrer to bill sustained, and questions arising thereon certified.

*Affirmed.*

*John W. Arbuckle,* for plaintiffs.
*Henry Gilmer,* for defendant.

WILLIAMS, PRESIDENT:

A demurrer to the plaintiff's bill-was sustained, apparently on the ground of multifariousness, and the questions arising thereon are certified to this Court for decision.

The suit is brought by Sallie Lockhart and her six illegitimate children, whose ages range from forty-three down to twenty-one years, against the administrator and the legitimate children and heirs at law of James H. Hoke, deceased.   The bill is framed in a double aspect and prays for relief in the alternative and for this reason apparently the court held it to be multifarious and sustained the demurrer thereto.   But either form of relief prayed for seems to rest on the same state of facts, and

we are not inclined to agree with the learned circuit judge that
the bill is bad for that reason. In determining whether or not
a bill is multifarious courts are governed principally by the
rule of convenience as applied to each particular case. There
does not appear to be any well defined rule or principle of
equity practice that can properly be applied to every case in de-
termining whether or not a bill is multifarious. If a bill pre-
sents two or more different causes of action based upon distinct
and unrelated facts, so that a proper defense to one of them
would be different in its character and evidence from the de-
fense to be made to the other, the bill would be multifarious, as
we recently held in *Bean et al.* v. *The County Court of McDow-
ell County,* 101 S. E. 254; see also *Cecil* v. *Karnes,* 61 W. Va.
543. But even though the alternative relief prayed for may
differ in character the bill is not thereby made multifarious, if
both kinds of relief are demanded against the same defendant
and are based on the same state of facts. *Zell Guano Co.* v.
*Heatherly,* 38 W. Va. 409; *Shaffer* v. *O'Brien,* 31 W. Va. 601.

Plaintiffs' bill proceeds upon the theory that a trust was
created by James H. Hoke in their favor, either expressly or by
implication, in a tract of 117 acres of land which the said
James H. Hoke, now deceased, bought about twenty-five years
ago from one G. L. White, and on which the plaintiff Sallie
Lockhart and her said children, since their birth, have continued
to live with the said James H. Hoke until his death. No ex-
press trust is specifically alleged. The nearest approach thereto
is the following averment: "That plaintiffs were always given to
understand that said tract of land was purchased and intended
for a home for the said Sallie Lockhart and her children, and
that they were to so occupy and enjoy the same together with the
said James H. Hoke." But they do not aver that such under-
standing was had because of anything said, or any promise made
to them by James H. Hoke. This is not an averment of an
express trust.

They do allege that the proceeds of their labor largely went
into the payment of so much of the purchase money for the said
land as had been paid at the time of the death of said James
H. Hoke; that the purchase price was about $1600.00, all of
which, except about $500.00 had been paid in his life time, but

that no deed to him therefor had been made, and that the defendants, after his death, fraudulently procured the said George L. White to execute a deed therefor to them, and have since then brought an action of ejectment against the plaintiffs to oust them from the land, which action is now alleged to be pending, and which plaintiffs pray to have enjoined. They also pray that the deed made by said White to the defendants may be cancelled, and that the land be decreed to the plaintiffs.

The alternative prayer is that, in the event the Court should be of the opinion plaintiffs are not entitled to a decree for the land, they severally be decreed the value of their services against the estate of said James H. Hoke, deceased. Although the value, per month, of the services rendered by all the plaintiffs is severally averred, the bill does not indicate the amount of money which each claims, and as to some of the married plaintiffs, is indefinite as to the length of time they served, all the children of Sallie Lockhart claiming for services from the time they were fifteen years old, respectively, until the death of James H. Hoke, but as to some of the plaintiffs the time they worked for themselves is excepted, with no intimation of what length of time they worked on their own account. But it is not averred that such services were rendered to said James H. Hoke because of any promise on his part to reward them therefor. It appears from the bill that they are his illegitimate children, but there is no averment that he ever made them his legitimate children by marrying their mother, which is the only method provided by the law of this state whereby bastard children may become the heirs of their reputed father. Section 6, ch. 78, Code 1918. There is no provision in the laws of West Virginia for contracting a common law marriage, and such a marriage, contracted in this state, is not recognized, nor are the offspring of such union recognized as the lawful heirs of the male contracting party. *Beverlin* v. *Beverlin,* 29 W. Va. 732.

If the averments of the bill could be said to be reasonably certain and definite so as to enable the Court to see on what particular grounds the plaintiffs base their prayer for relief, we do not think it could be regarded as demurrable. The two forms of relief asked for in the alternative are not inconsistent, both appear to be based on an implied promise of said James H.

Hoke to compensate plaintiffs for their services in one of two ways, either to give them the land, or to pay them the reasonable worth of their services. But it is not distinctly averred, with reasonable certainty, on what particular ground they base their claim for either form of relief, and the facts averred do not imply a promise, nor disclose a neglected duty toward them by James H. Hoke, deceased, which a court of equity can enforce against his administrator.

It appears from the bill that Sallie Lockhart lived in the home of said James H. Hoke during which time she gave birth to all of her children, two or three of whom were born during the life time of his lawful wife. It is alleged that Leonard Lockhart, one of the plaintiffs, was permitted to build a house on a small portion of the land and to live therein, and that he "was to have possession of the said house and lot of land as a home for himself and his wife and children, he having married and separated from the rest of the children." But the bill nowhere alleges that the said James H. Hoke made any promise to the said Sallie Lockhart or to any of her children that he would convey them the land, or that he would compensate them in any other way for their services; nor is it alleged that he, by word or conduct, induced them to believe that such was his intention. Absolute certainty is not required in pleading, but it is an elementary rule of equity practice that the bill should state plaintiffs cause of complaint with sufficient accuracy and clearness, so that the court can see that he is entitled either to the relief prayed for or to some other relief under the prayer for general relief, if his allegations should not be denied. Relief, if given, must be based on pleadings as well as proof. Story's Equity Pleading (10th Ed.) sections 241, 243, 244; *Zell Guano Co.* v. *Heatherly,* 38 W. Va. 409; *Universal Life Ins. Co.* v. *Devore,* 83 Va. 267; *Iron Co.* v. *Quesenberry,* 50 W. Va. 451. This principle is not in conflict with the rule laid down in *Moore* v. *Harper,* 27 W. Va. 362, and *Eakin* v. *Hawkins,* 48 W. Va. 364, to the effect that, even though a bill may contain vague and irrelevant allegations, it is not demurrable, if, taken as a whole, it states facts which entitle plaintiff to relief, because, in such case the vague and irrelevant matter may be disregarded. But in the present case we find no reasonably certain and definite

allegations on which any relief can be granted to the plaintiffs, their rights, if any they have, must depend wholly on proof, if the bill be not amended.

For the reasons therein stated we affirm the ruling of the circuit court and will certify the case back to the Circuit Court of Greenbrier County.

*Affirmed.*