J. G. SMITH *et al. v.* UNITED FUEL GAS COMPANY *et al.*

(No. 7368)

Submitted October 25, 1932.   Decided November 1, 1932.

(Rehearing denied December 10, 1932.)

*Harold A. Ritz, Raymond Dodson,* and *B. J. Pettigrew,* for appellants.

*H. C. Ferguson,* for G. W. and Zella Adkins.

*O. L. Hall,* for J. G. Smith and others.

*Eakle & Eakle,* for Maude Barnhart, committee.

LIVELY, JUDGE:

Plaintiffs own twenty-two twenty-fourths (22/24) undivided interest in a tract of 239 acres in Clay county which they

leased to defendant United Fuel Gas Company for oil and gas explorations. One twenty-fourth (1/24) undivided interest in the land is owned by defendant Zella Adkins, who likewise leased her interest for oil and gas purposes which lease was acquired and operated by defendant Barnhart, who is represented in this suit by his committee, Maude Barnhart. The other one twenty-fourth (1/24) undivided interest in the land is owned by defendant gas company.

The Zella Adkins lease required from her lessee payment to her of $300.00 a year for each producing well drilled, and delay rental of like sum. Plaintiffs' lease required payment from their lessee of $300.00 per year for each producing well drilled and delay rental of $400.00 per year with provision that the drilling of one well should liquidate one-half the delay rental and the drilling of two wells by it should liquidate all delay rentals.

Paintiffs' lessee, the Fuel Company, drilled a well in May, 1922, and has thereafter paid to plaintiffs $300.00 per year thereon and also paid to them delay rental of $200.00 per year, in all $5,945.30.

Zella Adkins' lessee, Barnhart, drilled a well in February, 1922, and has paid her $300.00 per year thereon amounting to $2,325.00.

The bill charges Zella Adkins with committing waste through her agent and lessee Barnhart, and charges that defendant Fuel Gas Company permitted the waste and connived therein; that it also committed waste, and prays for an accounting from each of defendants.

All of defendants except Mrs. Adkins seem to agree that an accounting should be had between the joint tenants, but disagree as to the basis of accounting. Mrs. Adkins claims that she had a right to lease her one-twenty-fourth (1/24) undivided interest and be paid therefor $300.00 per year for each well drilled on the land of the coparceners and that she is not entitled to account to her other co-tenants, nor are they entitled to account to her for her gas taken from the land by them from the well drilled by their lessee.

The court decreed that an accounting should be had, and referred the cause to a master commissioner who reported the total amount of gas rentals and delay rentals paid plaintiffs by

their lessee at $5,945.30; the amount of gas sold by Barnhart or his committee to the Fuel Gas Company to be 522,289 M. C. feet and the amount received from such sale to be $39,-785.65; the total amount of royalties paid by Barnhart (or committee) to Zella Adkins to be $2,325.00 and that there is due her the additional sum of $300.00 accrued since the institution of the suit. Upon request, he reported the cost of drilling, maintaining and operating the Barnhart well at $20,-716.00; and of the Fuel Gas Company well at $13,694.05. No one excepted to the report.

Upon the pleadings, evidence and report, the Court decreed that Mrs. Adkins should not account to her coparceners because they had not exercised an option to treat her lease for their benefit within the time for their election, and that she was not entitled to receive any royalties from the well drilled by her coparceners under their lease; but decreed that the distribution of the royalties to the other owners should be according to the proportion of their respective interests to the whole of the land, and that they were entitled to receive an additional sum of $1,043.68, and that such sum should be paid by the defendant Fuel Gas Company in certain named amounts to each. The decree makes the Fuel Gas Company solely responsible to plaintiffs for their part of the royalties on the gas taken from the Barnhart well, which amounted to about $100.00 a year, and relieved Mrs. Adkins from accounting therefor to plaintiffs, on the theory that palintiffs had not exercised some option within some time to elect to treat her lease as and for their benefit.

It appears that the lessees (Barnhart and Fuel Gas Company) have carried out their respective lease contracts with their respective lessors. Each lessor authorized his lessee to enter upon the property and drill. The lessees afterwards made a working agreement by which the land could be developed, and in that agreement the Fuel Company contracted to purchase from Barnhart the gas he produced. The lessors were not parties to the agreement, and their property rights were not changed thereby. It was of little concern to the lessors as to whom the gas was sold or the price therefor, so long as they were paid the agreed royalties and delayed rentals. Each co-tenant had the right to enter on the land himself

or by lessee and explore for gas and market the gas if found. But when that right was exercised and the common property was taken, the other co-tenants or tenants in common are entitled to an accounting as for a waste committed. *Cecil* v. *Clark,* 49 W. Va. 459, 39 S. E. 292; *Williamson* v. *Jones,* 43 W. Va. 562, 27 S. E. 411; *South Penn Oil Co.* v. *Haught,* 71 W. Va. 720, 78 S. E. 759.

But Mrs. Adkins claims that she leased her one-twenty-fourth (1/24) interest at a stipulated compensation for each well and the payment to her of that sum was for her one-twenty-fourth (1/24) interest. That contract did not bind her co-tenants nor curtail their rights. But when she authorized her lessee to take out gas and he did so she was taking out gas belonging to her co-tenants, and the law says she shall account as for a waste. Waste is an injury to the freehold by one rightfully in possession. Judge Brannon in *Cecil* v. *Clark* 47 W. Va. 402, 407, 35 S. E. 11, 13, said: "But when one takes coal, his co-tenant has title to the very coal after its severance from the land; and the taking can be sued for in trespass, or if he sells, can waive the tort and sue for the money had and received, because the one has received money from the sale of property belonging to the other. * * * His act was a wrong, a waste in violation of the right of his co-tenant; and this co-tenant can follow up the property, and base his demand on its wrongful taking and conversion." In this case plaintiffs have waived their right to sue for the tort and are asking Mrs. Adkins to account for their share of the royalty received by her as their measure of damage. This they may do. The second point of the syllabus in *Cecil* v. *Clark, supra,* reads: "If a tenant in common takes possession of the premises to the exclusion of his co-tenants and lease the same to third parties for the purpose of mining and removal of the coal therefrom, at a specified price per ton as royalties for the coal so removed, the co-tenant so excluded may require an accounting to him for his joint proportion of such royalty as the proper measure of damages for such waste." These principles of law governing the rights of co-tenants, or tenants in common, in respect to waste committed by one of them on the freehold seems to be well settled in this state. See *Provident Life & Trust Co.* v. *Wood,* 96 W. Va. 516, 123 S. E. 276,

annotated in 41 A. L. R. 570. The trial chancellor recognized these principles in the decree, but found that plaintiffs had not seasonably exercised their *option* to treat the Adkins lease as for their benefit; and that payment to Mrs. Adkins from the royalties under plaintiffs' lease should be denied her (on what ground the decree does not state.) We find no basis for. the exercise of an option on the part of any of the litigants to treat either lease as for the benefit of all the co-tenants. The right to so treat these leases was accorded by law, and we find no waiver or estoppel of that right. No estoppel, waiver or limitation is pleaded.

Plaintiffs, Mrs. Adkins and United Fuel Gas Company each owning undivided interests in the land as herein set out, have, through their agents and lessees, been committing waste on the common property, and each should account to the others for their share of the royalties received therefor proportional to their interest in the common property. The decree will be reversed and the cause remanded for an accounting on that basis.

The United Fuel Gas Company claims relief from paying $200.00 a year delay rental and asks that plaintiffs be compelled to refund what has been paid as delay rental, claiming that such payments were made under a mistake of fact. Under its lease contract with plaintiff, it was required to do so, and cannot be relieved therefrom, until it shall have drilled a second producing well. We do not think it can claim the Barnhart well as relieving it from its contract to develop its lease, or pay the stipulated delay rental in lieu thereof.

*Reversed and remanded.*

MAXWELL, JUDGE (Upon petition for rehearing):

The Smiths leased their undivided 22/24 interests for oil and gas purposes. Their lessee (United Fuel Gas Company) owned an undivided 1/24 of the land in fee. Mrs. Adkins leased to another person her 1/24 for oil and gas purposes.

The land contains 240 acres. The lessees entered into a working arrangement for drilling and operating. 230 acres

were allotted to the lessee of the Smiths, and 10 acres to Mrs. Adkins' lessee. The lessors, not being parties to the working agreement between the lessees were not affected by it certainly in so far as concerns their rights as among themselves. Therefore, in considering the rights of the lessors, co-tenants, as among themselves, the working agreement must be disregarded.

The lessee of the owners of the undivided 22/24 of the land (the lessee also being an owner of 1/24) entered upon the land and drilled a producing gas well. In other words, these co-tenants, for purposes of drilling and operating, took possession of 230 acres and produced gas therefrom. Under settled principles of this jurisdiction they must account to their co-tenant, Mrs. Adkins, for 1/24 royalty of the gas thus produced. *Cecil* v. *Clark, supra.* The same principle applies to Mrs. Adkins. Her lessee took like possession of the 10 acres and drilled a well which produced gas. She must account to her co-tenants for their undivided interests.

Upon this analysis there would seem to be no doubt of the correctness of the court's solution of this case as announced in the opinion written for it by Judge Lively.