GREENBRIER LAUNDRY COMPANY *v.* FIDELITY AND CASUALTY COMPANY OF NEW YORK

(No. 7598)

Submitted October 11, 1933. Decided October 17, 1933.

*File, Goldsmith & Scherer,* for plaintiff in error.
*Jarrett & Wilson,* for defendant in error.

MAXWELL, PRESIDENT:

This is an action on a fidelity bond. There was a directed

verdict for $597.12 in favor of the plaintiff. The defendant prosecutes writ of error.

The bond was purchased in February, 1930, and renewed for the years 1931 and 1932. Under its provisions defendant agreed to "indemnify Greenbrier Laundry Company * * * of Ronceverte * * * against the loss of any money or other personal property * * * through the fraud, dishonesty, forgery, theft, embezzlement, or wrongful abstraction of any employee named in the schedule forming part of this bond." The name of Hubert F. Cook appears in the schedule of employees and he is therein designated a "Salesman".

Cook was employed under an oral contract. His duties were to solicit laundry, bring it to plaintiff's plant, return it to the customers, and collect for the work. The laundry was charged to Cook personally on a "driver's invoice". He owned his own truck, and worked on a commission basis, receiving thirty per centum of invoices. Although it was not compulsory for him to make settlement every Saturday, he received an additional two per centum if he did so. He settled promptly until December, 1931. Thereafter, he paid nothing. He resigned April 2, 1932. For laundry charged to him from December until April he owed plaintiff $603.62 for which amount suit was brought against him and judgment obtained.

Plaintiff had no contract with Cook's customers and made no charges against them. The following appears from the testimony of the plaintiff's general manager: "Q. And he owed the laundry what was charged to him on the invoices regardless of whether he collected a penny or not from his customers? A. Yes, sir. Q. Your dealings were only with Mr. Cook and his customers didn't owe you anything? A. That's right."

Plaintiff alleges that defendant is liable under the provisions of the bond by reason of Cook's failure to pay over to plaintiff the "sum of $603.62, which * * * was collected by * * * Hubert F. Cook for plaintiff * * * between the 28th day of December, 1931, and the 2nd day of April, 1932." It is fundamental that "to fix liability upon an insurer, the loss must fall within the risks covered by the policy" or bond. Cooley's Briefs on Insurance (2d Ed.), Vol. 6, p. 5650. The bond covers the loss of money or property belonging to

plaintiff through embezzlement or wrongful abstraction of an employee. Plaintiff admits that it made no charges against Cook's customers; that it had no contract with them; that it dealt only with Cook and that his customers did not owe it (the laundry company) anything. Obviously, if the money owed by the customers did not belong to plaintiff, there could be no "embezzlement" or "wrongful abstraction" thereof within the scope and purview of the bond.

The surety company underwrote Cook's honesty, not his credit. "The idea that a surety company is guaranteeing the payment of a debt contracted with the plaintiff, and not the honesty of an agent, is excluded, where the language of a bond clearly and explicitly provides that the company will make good and reimburse to insured all and any pecuniary loss it may sustain in the form of money, * * * in the possession of the employee or for the possession of which he is responsible, 'by any act of fraud or dishonesty on his part in connection with the duties of the office or position' mentioned in the bond." Couch Ency. of Insurance Law, Vol. 8, p. 4355. To the same effect: *Orion Knitting Mills* v. *U. S. Fidelity & Guaranty Co.*, 50 S. E. (N. C.) 304. We are persuaded that plaintiff simply extended credit to Cook, that therefore the relationship of debtor and creditor existed, and that the bond sued upon does not cover such relationship. *Williams* v. *U. S. Fidelity & Guaranty Co.*, 66 Atl. (Md.) 495. The fact that on settlement of accounts between plaintiff and Cook there was a debt owing from Cook to plaintiff, is not sufficient to authorize a recovery under the bond. Cooley's Briefs on Insurance (2d Ed.), Vol. 6, p. 5656.

We are of opinion that the trial court should have overruled plaintiff's motion for a directed verdict, and should have sustained the defendant's motion.

Therefore we set aside the verdict, reverse the judgment, and remand the case for a new trial.

*Judgment reversed; verdict set aside; case remanded.*