J. G. SMITH *et al. v.* UNITED FUEL GAS COMPANY *et al.*

(No. 7820)

Submitted May 8, 1934. Decided May 29, 1934.

H. C. *Ferguson,* for appellants.

*Harold A. Ritz, B. J. Pettigrew* and *Raymond Dodson,* for United Fuel Gas Co.

*Eakle & Eakle,* for Maude Barnhart.

HATCHER, JUDGE:

This cause was before this court in 1932, and our opinion is reported in 113 W. Va. 178, 166 S. E. 533. From the opinion, it appears that undi-

vided interests in a tract of 239 acres were owned as follows: 22/24 by plaintiffs, 1/24 by defendant Zella Adkins, and 1/24 by defendant United Fuel Gas Company; that the plaintiffs executed an oil and gas lease on their interests in the tract to the Gas Company, under which lease a producing gas well was drilled; that Mrs. Adkins executed a like lease for her interest to defendant Barnhart with a like result; that through retention of royalties under the respective leases, the Gas Company and Mrs. Adkins had severally committed waste on the common property and that "each should account to the others (their co-tenants) for their share of the royalties received therefor, proportional to their interests in the common property." The core of the opinion is as follows: "Each lessor authorized his lessee to enter upon the property and drill. The lessees afterwards made a working agreement by which the land could be developed * * *. The lessors were not parties to the agreement, and their property rights were not changed thereby. * * * Each cotenant had the right to enter on the land himself or by lessee and explore for gas and market the gas if found. But when that right was exercised and the common property was taken, the other cotenants or tenants in common are entitled to an accounting as for a waste committed."

Pursuant to that opinion, the circuit court ascertained that Mrs. Adkins had received in royalties $2,325.00 from her lease which sum was common property; that her share therein (having been increased by inheritance to 1/16 since this litigation began) was $145.31, and that her share in royalties (total sum not stated) from the well drilled by the Gas Company was $121.88. Instead of having the Gas Company pay to her the $121.88, the court then permitted her to retain the $121.88 in connection with the $145.31, making $267.19 in all retained and ordered her to pay the balance of the $2,325.00, or $2,057.-81 to her co-tenants. Mrs. Adkins complains here of that judgment.

Appellant's main complaint is that the circuit court used "the ownership of undivided interests in the fees as

a basis for the distribution of the proceeds, of the wells," instead of using "the ownership of the oil and gas in the tract of land as shown by the leases." Counsel says: "This case is distinguished from every other case of waste, by the fact that in this case every owner leased his interest, and his rights in the oil and gas are shown by the leases and not by the fee interest; * * * any other basis of accounting than the interest under the leases is in disregard of contractual rights (under the leases)." The foregoing is the identical contention made by Mrs. Adkins on the former appeal. When we rejected that contention, she filed a petition to rehear in which she again insisted: "Each lease provided for payment of a specified sum for each well drilled * * * and each lessor is entitled to rentals from the two wells according to the terms of the particular lease." Again, denying the contention, Judge Maxwell reiterated the position of the court that the accounting should be made according to the *undivided interests in the land.*

An express determination such as that made in our former opinion becomes *the law of the case.* As we said in *Keller* v. *Ry. Co.,* 113 W. Va. 286, 167 S. E. 448, 451: "This court, with few exceptions, has maintained the rule that a decision 'on a particular point on a former hearing will be regarded as the law of the case on a second appeal unless new pleadings and new evidence adduced on the subsequent trial call for a different judgment.' " There are no such new pleading and new evidence here.

All the other points made by appellant are collateral to her main point, and fall with it, except the one as to costs. The circuit court assessed against her the costs accruing in that court. The imposition of costs is largely discretionary with the circuit court. While that discretion is reviewable, it will not be disturbed unless it has been clearly abused. *Hannah* v. *Lumber Co.,* 92 W. Va. 104, 114 S. E. 506. Since the other litigants *substantially prevailed,* we discern no abuse of discretion in awarding them their costs.

The decree of the circuit court is accordingly affirmed.

*Affirmed.*