GREENBRIER LAUNDRY COMPANY *v.* FIDELITY & CASUALTY COMPANY OF NEW YORK

(No. 8038)

Submitted February 5, 1935. Decided February 19, 1935.

*File, File & Scherer,* for plaintiff in error.
*Jarrett & Wilson,* for defendant in error.

WOODS, JUDGE:

This is the second time this case—an action in debt on a fidelity bond—has been before this Court. According to the first record the plaintiff laundry admitted that its "salesman" Cook, for whose delinquencies recovery is sought, was solely liable to it on "driver's invoices" for all laundry work, except certain charge accounts, brought in by him. And, in view of such fact, this Court, in reversing the former judgment for the plaintiff and remanding the case for a new trial, held that, "Under a bond indemnifying an employer 'against the loss of any money or other personal property * * * through the fraud, dishonesty, forgery, theft, embezzlement, or wrongful abstraction' of an employee, there is no liability on the indemnitor for failure of the employee to discharge an indebtedness owing by him to the employer, arising out of credit extended him by the employer." 114 W. Va. 185, 171 S. E. 409.

It appears from the record now before us, which, but for a few exceptions to be dealt with later, is substantially the same as that made on the first trial, that Cook not only failed on January 2, 1932, but on each subsequent Saturday thereafter, up to and including April 2, 1932, to make settlement as required by his oral agreement with plaintiff; that he resigned as "salesman" on the latter date; and, that on April 12, 1932, the defendant, through its local agent, was notified of Cook's default. In addition to the foregoing, the plaintiff, on the second trial took the position that, as between itself and defendant, the fidelity bond, if not extended to Cook's indebtedness, was in fact *nuduum pactum,* and it was permitted, over objection, to introduce a letter, written in response to defendant's inquiry concerning duties of the "salesmen", mentioned in the application for the bond, as parties to be covered. The letter provides: "Excepting about thirty-three charge accounts (explanation later), all work brought in is charged to the drivers. They are furnished with invoices each week and at all times their uncollected tickets must agree with the balance on the invoices and their ledger account. Their invoices are checked with the ledger each month. Occa-

sionally a customer gets by with his bill and in this event, which is very rare, the driver pays the tickets. We hardly believe this will average $10.00 per year per driver. No driver is allowed to have over two unpaid invoices on hand at one time, so they know just how far they are allowed to extend little credit favors to slow-paying customers. However, in the case of Mr. Cook, he gives his personal check for his week's work, thereby keeping his account strictly to date. * * * Regarding the thirty-three charge accounts, about which mention was made these are for customers with satisfactory credit ratings, and hospitals, institutions, etc., where it is not convenient for them to pay cash on delivery. The drivers are not responsible for these accounts. We believe the above with the enclosed form, answers your questions. Anything that we have not made clear, do not hesitate to ask us.'' And, in addition to the letter, the treasurer, who on the first trial, stated that the plaintiff looked to Cook for its pay for the work done, testified on the second, over defendant's objection, that it also looked to the individual customers in case Cook failed to make payment.

Upon the foregoing state of facts the jury were instructed, at the instance of plaintiff, and over objection of defendant, that they should find for plaintiff for the sum of $344.12, the amount which Cook admitted that he had collected, and not turned over, unless they find that Cook was an independent contractor, in which latter case they should find for the defendant. The jury found for the plaintiff, and defendant now brings error.

It is obvious that the plaintiff should not be permitted to change its position, and to testify in this case that it did not look to Cook alone, but also to his customers, in case of the former's default. It was on the former facts that the case was previously decided. ''Parties will not be permitted to assume successive inconsistent positions in the course of a suit or series of suits in reference to the same fact or state of facts.'' *MacDonald* v. *Long,* 100 W. Va. 551, 131 S. E. 252. It was error to admit such evidence, and to give the instruction opening up the question theretofore settled in the former opinion.

But is the letter of any aid to plaintiff's case? Does it, as between itself and defendant, extend the fidelity bond to Cook's indebtedness? The letter explained that an invoice could not go over two weeks without payment. The plaintiff, according to the record, permitted Cook to continue working for approximately twelve weeks, and knowingly allowed the indebtedness to accumulate; and made no attempt to notify the defendant until April 12th that Cook was in arrears. The bond provides, among other things, that ''Upon the discovery by the employer of any dishonest act on the part of an employee, the employer shall at the earliest practical moment, and at all events not later than five days after such discovery, give written notice thereof addressed to the surety at its home office.''

So, if the bond be construed as underwriting Cook's credit, as well as his honesty, yet the plaintiff has failed to meet the requirements regarding notice. It was the duty of the plaintiff to notify the defendant of such default at the earliest possible moment and in all events not later than five days after the first invoices became due. Failure in this respect defeats its right to recover. 5 Couch on Insurance, 4379. The plaintiff has again failed to make out a case. The defendant's peremptory instruction should have been given. *Smith* v. *United Fuel Gas Co.,* 115 W. Va. 127, 174 S. E. 782; *Hager* v. *Coal Company,* 112 W. Va. 479, 164 S. E. 666. We therefore reverse the judgment, set aside the verdict, and remand the case for a new trial. *Clise* v. *Prunty,* 112 W. Va. 181, 163 S. E. 864.

*Judgment reversed; verdict set aside; new trial awarded.*