LILLIAN BRECKER *v.* WILLIAM BRECKER

(No. 8544)

Submitted September 21, 1937. Decided October 19, 1937.

*Leo Loeb,* for appellant.
*Lee, Blessing & Steed,* for appellee.

MAXWELL, JUDGE:

This is a chancery suit for the specific enforcement of a written contract. From an adverse decree, the plaintiff appeals.

The parties are wife and husband, respectively.

This is the contract:

"I, Mr. William Brecker, promise my wife, Mrs. Lily Brecker, to sign over improved real estate on her name. She shall have an equal share for her part.

"To this, we both, Mr. Brecker and Mrs. Brecker, agree with our own free will, and to this we sign our names this 28th day of March, 1933.
Charleston, W. Va.

William Brecker
Lily Brecker."

On the factual issue involving defendant's denial that he executed the foregoing memorandum, the trial chancellor held for the plaintiff. The chancellor also decreed in favor of the plaintiff and against the defendant on the issue raised on plaintiff's denial of the defendant's assertion that in December, 1934, they entered into a written agreement settling their differences on a basis other than as set forth in the memorandum of March 28, 1933. These findings of fact will not be disturbed.

In the decree adjudicating the cause and dismissing the plaintiff's bill, the trial court determined: "That the said agreement dated March 28, 1933, which forms the basis of this said cause, does not identify the real estate intended to be conveyed, and is not sufficient in form as a basis to sustain the specific performance thereof as prayed for in plaintiff's bill of complaint, and that parol evidence is not admissible to supplement the defects in said contract."

In this adjudication of the trial court we concur.

The law is settled in this jurisdiction that specific performance of a contract for the transfer of real estate

will be decreed only where the contract itself is definite and certain in its terms. *Spradling* v. *Spradling*, 118 W. Va. 308, 190 S. E. 537. Within narrow bounds, parol evidence is admissible to explain such contract. But where the reference to land is so vague and uncertain that a description must be supplied, parol testimony cannot overcome the deficiency. *Crawford* v. *Workman*, 64 W. Va. 10, 61 S. E. 319.

Under the most liberal interpretation which can possibly be accorded the instrument which lies at the basis of this suit, there is presented a promise and undertaking by William Brecker to transfer and convey (sign over) to his wife an undivided moiety of real estate. Though the abstract terminology "improved real estate" would be inclusive of real property not owned at the time by William Brecker, the presumption probably arises that by his memorandum in writing, he was assuming to obligate himself only in respect of property then in his ownership. *Hurley* v. *Brown*, 98 Mass. 545, 96 Am. Dec. 671. Even so, a stalemate confronts us. More barriers remain. Where is the property located? Did he mean to include all his property or only particular parcels thereof? And, if only particular parcels, which ones? To effectuate the contract, the court would be required to read thereinto an answer to one or more of these queries. That, the court cannot do. This necessarily leads to the rejection of the plaintiff's proposition that the court, for guidance in the matter, may look to an evidentiary rehearsal of the marital affairs of the parties, including the manner of acquisition of the property by William Brecker, their domestic differences of recent years, the several suits which she had instituted against him, and her dismissal thereof immediately following the execution of the contract of March, 1933. If matters of such nature could properly be invoked to inject virility into a contract wholly deficient on its face, there would remain little significance to the time-honored and salutary provisions of law that a contract binding a transfer of real estate must be in writing and specific.

The plaintiff avers, and the record seems to support her, that defendant's promise contained in the memo-

randum was the sole reason for her stated dismissal of the suits pending against him. The decree appealed from must be modified so that the dismissal of plaintiff's bill shall be without prejudice to her right to reassert any claim which she may have with respect to the subject matter of the several suits so dismissed. We affirm the decree as so modified.

*Modified; affirmed.*