LILLIAN BRECKER *v.* WILLIAM BRECKER

(CC 622)

Submitted January 16, 1940.  Decided February 27, 1940.

*Leo Loeb,* for plaintiff.
*Lee, Blessing & Steed,* for defendant.

HATCHER, JUDGE:

This certificate involves the sufficiency of a bill by a wife against her husband to recover one-half the property held by him, alleged to have been accumulated through their joint efforts. The circuit court overruled a demurrer to the bill.

The bill mentions suits for divorce and specific performance, respectively, brought by her against her husband, the first dismissed by mutual agreement and the second dismissed without prejudice to her. See *Brecker v. Brecker*, 119 W. Va. 298, 193 S. E. 439. The more important allegations of the bill are that she married defendant in 1913 and is still his wife; that shortly after their marriage they commenced a merchandise business, which in several guises and at several places continued until in July, 1930; that this business was their "joint enterprise" to which she devoted practically all her time not necessarily consumed by "her household and family duties" (the division of her time is not further defined); that considerable money was earned by the business and invested in certain real estate, the deeds to which were for the most part made to her husband; and that "she at all times, while so engaged with him in business understood and believed and relied upon such understanding and belief, that she was an equal business partner" with him and in the properties purchased with the profits from the business.

We see no occasion now to discuss the postulate that equity will give effect to contracts, fairly made, between husband and wife. Plaintiff's right of recovery here depends upon the bare allegations that the business conducted by herself and husband was a "joint enterprise" and that she "understood and believed * * * that she was an equal business partner" with him. She does not specify how or from whom she acquired her *understanding and belief;* and the fact, alone, that she, a wife, devoted some indefinite part of her time to helping her husband conduct the enterprise, did not make her his business partner. An elementary rule of equity practice requires that a plaintiff's cause be stated with reasonable particularity and that an ambiguous averment be construed strongly against the pleader. *Lockhart v. Hoke,* 85 W. Va. 382, 385, 101 S. E. 730; *Piepho v. Piepho,* 88 Ill. 438; *Schuler v. Steel Co.,* 77 N. J. Eq. 60, 75 Atl. 552; *Fletcher,*

Eq. Pl. and Pr., sec. 62. Under this requirement the bill must be held insufficient.

The ruling of the circuit court is reversed; the cause remanded.

*Reversed; remanded.*