W. E. CALE *et al. v.* STANLEY J. CLARK *et al.*

(No. 8965)

Submitted February 7, 1940. Decided March 26, 1940.

*Charles P. Wilhelm,* for plaintiffs.
*F. E. Parrack,* for defendants.

MAXWELL, JUDGE:

This is a suit for specific performance of a contract for the sale and purchase of an identified tract of land in Preston County. On demurrer, the trial court held the second amended and supplemental bill to be insufficient, and dismissed the cause.

The plaintiffs, W. E. and J. S. Cale, own the land involved and seek to compel the defendant, Stanley J. Clark, to accept from them and their wives a deed for the land and to pay the agreed consideration therefor in pursuance of a written contract of October 7, 1937. The contract was signed by the plaintiffs and Clark. The caption of the contract also carries the name of Verna M. Clark as a party of the second part with Stanley J. Clark; and there is a blank place for her signature, with seal inscribed, but she did not sign. The contract recites that the consideration for the sale is $2,000.00, whereof $500.00 was to be paid in cash and the residue on delivery of the deed.

In the original bill the plaintiffs proceeded against both Stanley and Verna on the theory that they were jointly obligated by the contract, the bill carrying an allegation that Stanley was the authorized agent of Verna and that his signature on the contract was in her behalf as well as for himself; further, it was alleged that at the time of the execution of the contract Stanley gave his check for $500.00, payable to the Bruceton Bank for the benefit and account of the plaintiffs; that Stanley and Verna were immediately placed in possession of the land; that thereafter Stanley instructed the bank not to pay the check, and, that subsequently the plaintiffs tendered a deed to the Clarks which they refused to accept. The prayer of the bill is for compulsion of both Stanley and Verna to comply with the contract. The chancellor sustained a demurrer to this bill.

After the failure of the original bill because Verna M. Clark had not signed the contract, the plaintiffs filed their first amended and supplemental bill wherein Stanley J. Clark was the sole defendant. On the basis of the contract above set forth relief was sought in this bill against

Stanley alone, averment being made that after the refusal of the deed to the Clarks jointly, the plaintiffs tendered a proper deed to Stanley and that he declined to accept it.

The second amended bill is grounded on the same theory as the first amended bill, but differs from it in that there are brought in other parties who may have liens on the land, there being allegations that arrangements have been made for the discharge of these debts and release of the liens, in full protection of Stanley J. Clark as purchaser of the land.

Among the reasons set forth for the chancellor's action in sustaining the demurrer to the second amended bill and dismissing the same, were, first, that the latter bill presents a different cause of action from the original bill because there was averment therein that Stanley and Verna had contracted to buy the land, and, latterly, the plaintiffs aver that Stanley alone was obligated by the contract. A second reason for the court's action in sustaining the demurrer to the last bill was that the plaintiffs did not tender a deed to Stanley "as soon as possible" as required by the contract of October 7, 1937. The learned chancellor expressed the opinion that the quoted phrase means "within a reasonable time", and that inasmuch as a deed was not tendered by the plaintiffs to Stanley until the month of August, 1938, such tender came too late.

It is fundamental that parties to a suit will not be permitted to assume therein successive inconsistent positions. *Greenbrier Laundry Co.* v. *Casualty Co.*, 116 W. Va. 88, 178 S. E. 631. But we are of opinion that the facts pleaded by the plaintiffs do not disclose basic inconsistencies between the original bill and the two succeeding bills. There is not presented a change of base by the plaintiffs. They have grounded their position on the contract throughout, and it, of course, remains unchanged, whatever may be its legal effect. In the first bill the plaintiffs averred that Stanley Clark's signature to the contract stood for both him and Verna, but the chancellor held this position not well taken, and sustained Verna's demurrer to the bill. Subsequently, the plaintiffs pro-

ceeded against Stanley alone on the theory that he, at least, is bound by the contract. The wholesome rule against departures in pleadings or proof should not be carried to the extent of precluding parties from obtaining judicial determination of the meaning and effect of a written instrument merely because in their initial efforts respecting the same they averred that it has a legal effect which could not be judicially approved.

Also, it is urged in defense that the contract on its face purports to obligate two purchasers of the land; and that the intended purchaser who signed the contract is not bound thereby in the absence of the signature of the other intended purchaser—that it is an incomplete contract within the meaning of the principle applied in *Ely* v. *Phillips*, 89 W. Va. 580, 109 S. E. 808. But that case recognizes, on authority cited, that where a written instrument, designed to constitute a contract, is not signed by all the persons whose signatures were contemplated, the parties who signed will not be relieved as a matter of law because some did not sign; and that whether those who signed will be bound will depend on the language of the instrument itself or the attending facts and circumstances. Here we have the averment in the first amended and supplemental bill, made a part by reference of the second amended and supplemental bill, that the "defendant Stanley J. Clark was placed in possession of the land and premises in question on or about the 7th day of October, 1937, or a few days thereafter; that he took full possession of the same, personally and by tenant, and made full use of all of the property and the improvements thereon as his own." If, in fact, Stanley J. Clark treated the contract as his own and under the terms thereof entered into possession of the property, the fact that Verna, though named in the caption of the contract, did not sign, becomes unimportant.

Respecting the time when the deed was tendered by the plaintiffs to Stanley J. Clark, we are of opinion that whether the tender was made within the time prescribed by the contract, circumstances considered, is a matter

which may be more satisfactorily determined on proof than on pleadings merely.

Other points of demurrer, urged by defendant Clark and considered by the chancellor in his written opinion, we are persuaded, occupy positions of secondary importance, and for the sake of abridgment of this opinion, will not be here discussed.

For the reasons set forth, we are of opinion that plaintiffs are entitled to have their cause heard on the allegations of the second amended and supplemental bill, therefore we reverse the decree of the trial court and remand the cause for further proceedings.

*Reversed and remanded.*

KENNA, JUDGE, dissenting:

At the risk of appearing tedious, I wish to direct attention to several generally recognized rudimentary principles which underlie the equitable principle of compelling an affirmative course of conduct by a decree for the specific performance of an executory contract.

Specific performance is a type of relief closely related to a mantatory injunction and the equities should be clearly established as in an injunction proceeding in order to justify the entry of the decree. A decree for specific performance is not a matter of right, but rests in the sound discretion of the trial chancellor. (25 R. C. L. page 214, paragraph 16.) The certainty of the contract required to be shown covers all of its phases, including parties, time of performance, etc. (25 R. C. L. 219, paragraph 18. Pomeroy's Specific Performance of Contracts, section 159.) The bill should contain clear, accurate and unambiguous allegations, that being the general rule where relief is sought in chancery (*Brecker* v. *Brecker,* 122 W. Va. 120, 8 S. E. 2d 522, a petition for rehearing being now pending) more rigidly enforced where specific performance is sought. (25 R. C. L. 330, paragraph 150.)

It seems to me quite clear that in this proceeding few, if any, of the basic necessities have been met. The original bill of complaint sought relief against J. Stanley Clark

and Verna M. Clark and alleged that they both had contracted in writing to purchase from the plaintiff a parcel of land for the price of two thousand dollars, five hundred dollars of which was to be paid on the date of the contract and went on to aver that Stanley Clark acted as the agent of Verna M. Clark for the purpose of executing the contract and conducting the transaction, and signed the writing both for himself and for her. The bill of complaint is quite lengthy and contains, among other averments, the statement that the liens appearing of record against the land sold had been discharged and satisfied by reason of the effect of certain chancery proceedings, or, if not, that the impression they are valid liens against the land sought to be sold is created by "mistaken identity", and that such liens are properly "against other persons than either of these plaintiffs". This is but illustrative of the confusing complications arising under the allegations of the original bill.

The bill sets up as exhibits the deed under which complainants hold and the contract in writing of which specific enforcement is sought, the latter being framed as a contract between the two complainants as parties of the first part and J. Stanley Clark and Verna M. Clark as parties of the second part, and executed by the two complainants and Stanley J. Clark with space followed by the word "seal" left vacant. The writing does not purport to be signed by Verna M. Clark in any manner.

The contract of sale stipulated that the vendors should deliver to the vendees a deed "as soon as possible" and was dated October 7, 1937. The only deed tendered to the sole alleged vendee was in August, 1938, more than three months after this proceeding was instituted.

Verna M. Clark and Stanley J. Clark filed their separate demurrers, the first of which was sustained and Verna M. Clark was dismissed "without prejudice", Stanley J. Clark's demurrer being overruled.

On August 9, 1938, Stanley J. Clark filed a rather lengthy answer setting up a deed of trust proceeding against the land covered by the contract and an oil and gas lease to

which it was subject. On August 26, 1938, leave was granted to amend Clark's answer, the same order filing the first amended and supplemental bill of the complainants against Stanley J. Clark, omitting Verna M. Clark. This amended and supplemental bill refers to the original bill of complaint and includes the entirety of its averments in the amended and supplemental bill as though they were fully set forth therein. As an example of the contradictory averments that resulted, attention is called to the fact that the original bill alleges that the complainants entered into a written contract with Stanley J. Clark and Verna M. Clark, and that the first amended and supplemental bill alleges that they contracted in writing with the defendant Stanley J. Clark, Verna M. Clark's demurrer to the original bill of complaint based upon her being an improper party having been sustained. The first amended and supplemental bill contains an averment that the complainants have had releases of existing liens executed and deposited in escrow and that the plaintiffs are vested with good title, free of valid and subsisting liens. The written contract contains no provision covering the discharge of existing liens nor the payment of any part of the purchase money to an escrow agent.

Clark filed an additional answer to the amended and supplemental bill to which the complainants filed another detailed demurrer.

The same order which filed the second amended and supplemental bill awarded process against eleven additional parties, (lienors, lessee of the oil and gas lease, and the special commissioner who executed the deed to complainants and who was included for the purpose of remedying a defect therein), and remanded the cause to rules for the purpose of being matured as to them.

The allegations of the second amended and supplemental bill, I believe, confuse rather than clarify the complications arising under the written contract and under the two preceding bills made a part of the third. As an example, the complainants allege upon information that the lessee's failure to comply with the terms of the oil and gas lease upon the property covered by the contract has re-

sulted in its surrender. There is no clear and distinct averment dealing with this and other questions affecting complainants' title.

Memoranda of authority were filed by both sides when the demurrers to the three bills of complaint were under consideration, and all of these memoranda are printed with the record.

The labyrinth of conflicting allegations cannot be adequately covered in a readable written opinion, and I think can best be illustrated by again referring to the fact that all three bills of complaint, despite the fact that the original bill included allegations against an improper party dismissed upon demurrer, are still a part of the complainants' allegations. By making lienors defendants for the apparent purpose of so conducting the proceeding as to discharge their liens, and including a lessee under an allegedly· surrendered lease as well as the landowners' grantor to cure a defect in their deed, likens it to a chancery proceeding brought for the purpose of removing clouds upon title and curing a defective instrument, and it is quite difficult to make an exhaustive examination of the record without losing sight of the fact that the primary purpose of the proceeding is to specifically enforce on the part of the vendor, who could certainly be adequately recompensed by a pecuniary recovery, a contract for the sale of land.

I do not disagree with the application of the cases cited in the majority opinion, but I do not believe that the construction of a written contract, the specific enforcement of which is sought in a chancery cause, should rest upon the attending facts and circumstances, even though those facts and circumstances relate only to whether it was intended to bind those who executed the instrument, when the allegations of the bills of complaint definitely commit those who seek relief to a confusing state of facts.

Believing that the decision of the cause rested upon the discretion of the trial chancellor, and that this record discloses no error in the manner in which that discretion was exercised, I would affirm the decree dismissing the proceeding.