(No. 22035.—

THE PEOPLE *ex rel.* Nels Lind, Appellee, *vs.* THE CITY OF ROCKFORD *et al.* Appellants.

*Opinion filed December 22, 1933.*

FRANK M. RYAN, Corporation Counsel, for appellants.

HALL & DUSHER, for appellee.

Mr. JUSTICE SHAW delivered the opinion of the court:

The appellee, Nels Lind, being the owner of two lots at the corner of State street and Shaw street, in the city of Rockford, and desiring to build a gasoline filling station thereon, applied to the building inspector of the city of Rockford, pursuant to ordinances of that city, for a building permit. His application, plans and specifications complied fully with the building ordinances of the city of Rockford, but the permit was refused by the building inspector upon the sole ground that the premises described were not zoned under the zoning ordinances of the city for business uses but were zoned and classified as "Class A residence" property, which includes only single-family dwelling houses. Upon the permit being refused, it appears from a stipulation that the board of zoning appeals refused to re-classify the property, and thereafter the appellee filed his petition for writ of *mandamus* in the circuit court of Winnebago county against the building inspector to compel the issuing of the permit. The presiding judge heard the testimony of some eighteen witnesses and received many maps, deeds and other instruments in evidence, the whole constituting a record of nearly two hundred pages, and upon consideration of the record he found as an ultimate fact that the zoning ordinance as applied to the property of appellee is arbitrary and unreasonable and said real estate is not properly classified in the ordinance and because thereof is an invasion of the right of property of the said relator; that the restrictions of the ordinance do not bear any substantial relation to the health, safety, morals or general welfare of the public, and that the highest and best use of the said property is for commercial or business purposes. Upon this finding the court ordered the writ to issue as prayed and allowed an appeal direct to this court, duly certifying that the validity of an ordinance is involved in this litigation and that the pub-

lic interest requires the appeal to be taken directly to this court. That has been done.

Although eighteen errors are assigned on the record in this case, the appellants have failed to aid us with an argument or by the pointing out of any specific errors. The entire argument consists of one short page, which is divided into two paragraphs. The first paragraph may be summarized as saying in substance, without any elaboration or argument, that the writ of *mandamus* is not a writ of right and that it cannot be employed to compel the performance of a discretionary act or used to usurp the functions of a writ of *certiorari*. The second paragraph states, without reference to any page of the abstract of record, that the evidence does not preponderate in favor of the petitioner. That is all of the argument which is presented to us. In conclusion the appellants state that the only points desired to be raised are the lack of jurisdiction of the trial court and the preponderance of the evidence in favor of the appellants. The court heard eighteen witnesses in open court, and while they were divided equally as to numbers, nine testifying for the appellants and nine for the appellee, the testimony of the appellee's witnesses appears to us much more satisfactory than that for the appellants, and it is furthermore to be noted that most of the appellee's witnesses agreed on the major points contended for by the appellee.

There is ample evidence in the record to justify a finding that the lots involved in this litigation are worth as little as $600 each for residence purposes, and that even then there is no demand for them and no probability of their being salable at that or any other price, while on the other hand the evidence would justify a finding that for business purposes the lots would be worth as much as $8000 each. It further appears that if taxes are paid on the lots at the present rate for the next five years while they are allowed to remain unproductive their entire value will be

eaten up in this way. It is undisputed that the lots involved are directly across the street from an already existing business district in which there are seven or eight different stores or shops, and that one of these stores two stories in height and about forty feet back from East State street is so located and situated as to render the property in question peculiarly unattractive for residence purposes. There is nothing in the record to lead us to believe that the conclusions arrived at by the trial judge are wrong or in any way inconsistent with the manifest weight of the evidence, and under these circumstances it is not our province to disturb his findings of fact. (*City of Quincy* v. *Kemper*, 304 Ill. 303.) Upon those findings the ordinance is void as to appellee's property. *Forbes* v. *Hubbard*, 348 Ill. 166; *Tews* v. *Woolhiser*, 352 id. 212.

The argument that the circuit court of Winnebago county was without jurisdiction to proceed in this matter by way of *mandamus* is entirely at variance with our previous holdings under similar circumstances. Authorities to the effect that *mandamus* cannot be used to direct the performance of a discretionary act are clearly not in point. When it is admitted that the only objection to the plans and specifications is under the zoning ordinance, it follows that if that ordinance is void as applied to appellee's property then the act of issuing the building permit becomes ministerial, only, there being no discretion involved.

We have heretofore in the cases of *Forbes* v. *Hubbard, supra,* and *Tews* v. *Woolhiser, supra,* discussed all the questions now presented on this record. There being nothing new for our consideration, and this court fully adhering to its previous views, there can be no reason for re-stating propositions which we have heretofore fully set forth at length.

The judgment of the circuit court of Winnebago county is affirmed.

*Judgment affirmed.*