U. D. CARTER, *et al*.

*v.*

CITY OF BLUEFIELD, *Etc., et al.*

(No. 10142)

Submitted May 3, 1949. Decided June 14, 1949.

882

*Arthur F. Kingdon,* for plaintiffs in error.

*Katz & Katz, Luther G. Scott,* for defendants in error.

HAYMOND, PRESIDENT:

In October, 1948, the petitioners, U. D. Carter, U. D. Carter, Jr. and F. E. Carter, instituted this proceeding in mandamus in the Circuit Court of Mercer County to compel the defendants, the City of Bluefield, a municipal corporation, A. Harry Vest, its mayor, and T. L. Brown, T. C. Tanner, S. O. White and R. A. Sisson, members of its board of directors, to grant to the petitioners a permit to erect a business building upon two lots of unimproved land owned by them, designated as numbers 44 and 45, in section 207 of the Hale Land Addition, fronting on the south side of Bluefield Avenue and located at the northeast corner of Bluefield Avenue and Willow Street in that city, that portion of section 207 being, by zoning ordinance, restricted to use for residential purposes. Before the proceeding was heard by the circuit court it permitted Arlie Midkiff, the owner of a residence located on lots numbers 46 and 47, in section 207, adjoining the lots of the petitioners, and forty two other owners of lands in various parts of the Hale Land Addition, or in other nearby sections, to intervene as defendants. The original defendants and the intervening defendants entered their joint and several demurrers to the petition. The circuit court sustained the demurrers and, the petitioners declining to amend, dismissed the petition by order entered January 3, 1949. To that judgment this Court granted this writ of error upon the application of the petitioners.

The principal questions presented on this writ of error are: (1) Whether the validity of a zoning ordinance of the City of Bluefield may be attacked in a proceeding in mandamus; and (2) whether the ordinance is valid with respect to its effect in restricting the use of land of the petitioners to residential purposes. Other incidental issues, hereafter stated and discussed, also arise.

In 1938 the City of Bluefield, pursuant to the provisions of Article 5, Chapter 8 of the Code of 1931, adopted a comprehensive zoning ordinance which divided the city

for zoning purposes into five types of use districts and five types of area districts. The use districts are designated as A residence districts, B residence districts, business districts, light industry districts, and heavy industry districts. The area districts are designated as First Area districts, Second Area Districts, Third Area Districts, Fourth Area Districts and Fifth Area Districts. All districts, both use and area districts, are indicated upon the zoning map adopted at the time of the passage of the ordinance, and the property of the petitioners, as indicated by the map, is located in one of the designated residential districts. The ordinance prescribes in detail regulations and restrictions relative to types, size, height, and character of construction of buildings and structures and the uses to which property in the various districts may be devoted. It prohibits the use for business purposes of property located in the various residential districts. The ordinance is based upon the police power of the State, as delegated to the municipality of Bluefield by the Legislature, Chapter 8, Article 5, Code of 1931, and was enacted for the recited purpose of promoting the health, the safety, the morals or the general welfare of the community embraced within the corporate limits of the city.

Among the various terms and conditions of the ordinance these particular provisions are referred to as pertinent to the issues involved in this proceeding: The duty of administering and enforcing the ordinance is conferred upon the city manager; all applications for building permits shall be accompanied by a plat showing the dimensions of each lot used for building, the size and the location of each structure to be erected, constructed or structurally altered on each lot, and such other information as may be necessary to determine that the proposed structure and use of land will conform to the ordinance; no building permit shall be issued before application has been made for a certificate of occupancy; a certificate of occupancy is a statement signed by the city engineer and issued by the city manager that a structure or a parcel of land complies with the ordinance or that a structure may

be lawfully employed for specified uses under the ordinance; no vacant land shall be occupied or used and no structure used or changed in use until a certificate of occupancy shall have been regularly issued by the city manager; a certificate of occupancy for the use of vacant land, or for a change in its use, or for a change in the use of an existing building, shall be applied for and issued before any such land shall be occupied or used, or such land or building changed in use, and such certificate shall be issued within fifteen days after application has been made, provided the proposed use is in conformity with the ordinance; an appeal from any decision made in the administration of the ordinance may be taken by a person aggrieved to the board of adjustment which is authorized to hear and determine the questions involved in such appeal; and the board of directors of the city may, from time to time, in the manner specified, amend, supplement, change, modify or repeal the established regulations or restrictions or the boundaries of any district. The ordinance restricts the use of land and buildings in A residence districts to two family dwellings, multiple dwellings, lodging or boarding houses, club houses, hotels, certain accessory uses, and any use permitted in a B residence district. The uses permitted in a B residence district are one family dwellings, churches, schools or colleges, libraries or museums, parks, playgrounds, athletic fields not operated as a business for profit, country clubs or golf courses, farms, truck gardens or nurseries, and certain accessory uses. The lots of the petitioners are located in a district designated as an A residence district.

The petitioners purchased their lots on January 19, 1948, for the purpose of erecting upon them a building to be used by the owners as a retail electric appliance store. Lots in the Hale Land Addition, of which the lots of the petitioners are a part, were originally conveyed by deeds which restricted their use by the grantees to residential purposes. These covenants did not run with the land, have been in large measure disregarded for many years, and have been abandoned. In 1920 the Norfolk and

Western Railway Company erected a large freight station on the north side of Bluefield Avenue directly in front of the Hale Land Addition which, the petitioners charge, made the property on the south side of that street undesirable for residential purposes and materially damaged all other property in the addition for such use and, as a result, the board of directors of the city, in enacting the zoning ordinance, disregarded residential restrictions and placed a large portion of the lots in the addition fronting on the south side of Bluefield Avenue in business zones. The addition is bounded on the east by Lynn Street, on the west by Cypress Street, and on the north by Bluefield Avenue, and it fronts on the south side of that street for a distance of about six tenths of a mile.

Section 207, in which the lots of the petitioners are located, is designated in the zoning ordinance partly for business use and partly for residential use. The lots of the petitioners adjoin each other and each lot is twenty five feet in width and one hundred and five feet in depth. They abut on the south side of Bluefield Avenue, are unimproved and are located directly across Bluefield Avenue from both light and heavy industry districts which are situated on the north side of that street. Within three two hundred and twenty five foot blocks east of the lots of the petitioners the district is zoned for light industry and all the property abutting on the south side of Bluefield Avenue from its eastern end westward to Lynn Street which is located three blocks east of petitioners' property, is in a light industry district. On the north side of Bluefield Avenue, from its eastern end to its western end, in the city, the entire area abutting on this street is zoned as a light industry district. On both sides of Bluefield Avenue, as it extends through the city from its eastern terminus to its western terminus, there are heavy and light industries and in various locations properties used as automobile show rooms, plumbing shops, coal yards, bakeries, service stations, gasoline storage plants, a bus terminal, and some very old houses. In this area a number of old houses have been demolished and replaced by business and industrial

structures since the adoption of the zoning ordinance. At least ninety per cent of the industrial plants and wholesale houses in the city are located on or near Bluefield Avenue, and to the area along this street and contiguous to it, because of the topographical, railway, and highway conditions and zoning restrictions, the main industrial development of the city is limited and confined.

Immediately north of the freight station and adjoining it and in front of the lots of the petitioners is the west yard of the Norfolk and Western Railway Company, constructed on a heavy west to east grade, through and over which many heavy freight and passenger trains moved by steam propelled locomotives pass daily, producing noise and dirt in the entire area.

No residences have been constructed on Bluefield Avenue during the past twenty five years except one residence located at a distance of several blocks to the west of the lots of the petitioners and all buildings constructed in that area within that time have been for industrial or business purposes. Lots 51 and 52, located at the west corner of section 207, are zoned for business purposes and the building on the property is used as an undertaker's establishment. The intervening five twenty five foot lots between lots 51 and 52 and the lots of the petitioners at the east corner of the block are occupied by two residences which were erected more than twenty five years ago. Section 208, located immediately west of section 207, is zoned for business purposes, is in part occupied by a business building and as to the residue is unimproved. Part of the block west of and adjacent to section 208 is zoned for business purposes and the residue for residential purposes. The block immediately east of section 207 is zoned for residential purposes, and the next two blocks east of the last mentioned block are zoned for business purposes. All these blocks are two hundred and twenty five feet long and abut on the south side of Bluefield Avenue, which is one of the two most heavily traveled streets in the city, is used by all types of motor vehicles, and constitutes a part of three

main United States routes or highways. Section 207 and the sections or the blocks in the Hale Land Addition located east and west of section 207 abutting on the south side of Bluefield Avenue contain lots of twenty five feet in width and one hundred and five feet in depth and those sections are bounded on the south by an alley. The residue of the Hale Land Addition is situated south of this alley and is zoned for residential use.

The petitioners purchased their two lots for business purposes at a cost of $2,000.00 from a person who had previously owned them for twenty six years and who had been unable to dispose of them for residential use. If these lots are devoted to industrial or business uses they are worth $10,000.00 but their worth for residential purposes is less than the amount paid for them by the petitioners.

In June, 1948, the petitioner, U. D. Carter, applied in behalf of himself, U. D. Carter, Jr. and F. E. Carter, to the Clerk of the City of Bluefield for a zoning permit. The city manager, who is authorized in the first instance to determine whether an application for a permit complies with the requirements of the zoning ordinance, refused the permit because the use of the proposed building for business purposes was not allowed by the zoning ordinance. Upon appeal the zoning board of adjustment also declined to grant the permit. The permit applied for and refused was for the erection of a two story building fifty feet by one hundred and five feet of cinder block faced with brick, at an estimated cost of $18,000.00, and the proposed structure complies fully with the requirements of the building code of the City of Bluefield.

After the refusal of the zoning board of adjustment to issue the permit applied for by the petitioners they made application, in the manner provided by the zoning ordinance, to the board of directors of the city, which by the zoning ordinance is authorized so to do, to amend, modify or repeal the zoning regulations or district boundaries established by the ordinance, and to redistrict that portion,

of section 207 in which the property of the petitioners is located so as to permit its use for business purposes. This application, after a hearing at which objections by numerous persons were interposed, was denied by the board of directors. The petitioners then instituted this proceeding in mandamus in the Circuit Court of Mercer County.

The material facts recited in the preceding paragraphs of this opinion are set forth in the petition or disclosed by the zoning ordinance or the zoning map. By written stipulation of the parties, it was agreed that the ordinance and the map should be considered as a part of the petition and these facts, upon demurrer, must be regarded as true. *Ross v. Midelburg,* 129 W. Va. 851, 42 S. E. 2d 185; *Fruth v. Board of Affairs,* 75 W. Va. 456, 84 S. E. 105, L. R. A. 1915C, 981.

The petitioners challenge the validity of the ordinance in so far as it affects their property on these specified grounds: (1) It does not promote the health, the safety, the morals, or the general welfare of the city; (2) it is detrimental to the general welfare of the city; and (3) it is arbitrary, capricious, unreasonable, and confiscatory in violation of the Constitution of this State and the Constitution of the United States.

In support of the action of the circuit court in sustaining their respective demurrers the contentions of the defendants, in substance, are: (1) No application by petitioners for a building permit has been made to or refused by the Board of Directors of the City of Bluefield; (2) the validity of the zoning ordinance can not be assailed in a proceeding in mandamus; (3) the remedy provided by the statute, Code, 1931, 8-5-7, by petition to the circuit court to review the decision of the zoning board of adjustment within thirty days after its filing in the office of the board is adequate and bars relief by mandamus; (4) because of their application to the city manager for a zoning permit, their appeal to the zoning board of adjustment, their application to the city board of directors for an

amendment of the ordinance to change the area in which their lots are located from a residential district to a business district, and the denial of their applications, the petitioners are estopped to attack the validity of the ordinance; (5) by failing to apply to the circuit court for review of the decision of the board of adjustment, the action of the board of adjustment in refusing the application of the petitioners for a permit is final and in full force and effect and, as to the question of the validity of the ordinance raised in this proceeding, is *res judicata;* (6) the ordinance is valid, prohibits the petitioners from erecting a business building upon their lots because they are located in a residence district, and forbids the issuance for that purpose of a zoning permit without which a building permit can not be granted under the ordinance; and (7) the board of directors of the City of Bluefield is without power to issue a building permit because of the action of the zoning authorities in finally refusing to grant the application of the petitioners for the requested zoning permit.

It is obvious, as contended by the defendants, that the petitioners have not applied to the board of directors of the City of Bluefield for the issuance of a building permit before the institution of this proceeding. The only permit for which the petitioners made application was a certificate of occupancy or zoning permit which, under the ordinance, must be obtained before any building permit may be issued. As the zoning permit requested by the petitioners was denied by the city manager in the first instance and refused on appeal by the board of adjustment, it is obvious that so long as that status continued, any application by the petitioners to the board of directors of the city for a building permit would necessarily have been rejected. It appears from the allegations of the petition that the business structure proposed to be erected by the petitioners fully satisfies and complies with the building code of the city and that the only obstacle which operates to prevent the issuance of the requisite building permit is the inability of the petitioners to obtain the

necessary zoning permit from the zoning authorities of the city. If the ordinance as it applies to and affects the land of the petitioners is valid the board of directors of the city, by virtue of the ordinance, is without authority to grant the petitioners a building permit. Though as a general rule the petitioner in mandamus must have demanded performance of the act or the duty which he seeks to enforce, 38 C. J. 576, where it appears that a demand would be unavailing it need not be made. 38 C. J. 578. In the circumstances just recited it is clear that an application for a permit of that type would be wholly unavailing. The petitioners are not required to pursue a vain and futile course or to engage in an obviously unsuccessful endeavor before resorting to any remedy afforded them by law to obtain the necessary building permit. If mandamus be the proper remedy to obtain the relief to which the petitioners are entitled, they will not be required to do a useless or futile act before proceeding to invoke that remedy. See *Fisher v. City of Charleston*, 17 W. Va. 595; *Frantz v. County Court of Wyoming County*, 69 W. Va. 734, 73 S. E. 328; *State ex rel. Daugherty v. County Court of Lincoln County*, 127 W. Va. 35, 31 S. E. 2d 321.

The petitioners attack the ordinance as invalid in so far as it pertains to and affects their property and denies them a permit to construct a building to be used for business purposes on their land, and insist that its validity may be questioned and determined in this proceeding. The defendants vigorously contend that mandamus is not a proper proceeding in which to assail the validity of the ordinance for the reason that the writ will not issue to control or direct the exercise of discretion by the zoning board of adjustment in refusing the application of the petitioners for a zoning permit or by the board of directors in refusing to amend the ordinance as requested by the petitioners.

The rule is firmly estalished in this jurisdiction that mandamus does not lie to control the action of officers or tribunals in the exercise of their discretion in the absence

of caprice, passion, partiality, fraud, arbitrary conduct, some ulterior motive, or misapprehension of law upon their part. *State ex rel. Conley v. Pennybacker,* 131 W. Va. 442, 48 S. E. 2d 9; *Walden v. State Compensation Commissioner,* 113 W. Va. 307,167 S. E. 743; *Robertson v. Warth,* 132 W. Va. 398, 52 S. E. 2d 237, *Mustard v. City of Bluefield,* 130 W. Va. 763, 45 S. E. 2d 326; *Wiley v. County Court of Mercer County,* 111 W. Va. 646, 163 S.E. 441; *State ex rel. Smith v. Town of Ravenswood,* 104 W. Va. 614, 140 S. E. 680; *State ex rel. Dillon v. Neal,* 104 W. Va. 259, 139 S. E. 757; *State ex rel. Lockett v. Board of Commissioners of the City of Huntington,* 103 W. Va. 723, 138 S. E. 397; *State ex rel. Buxton v. O'Brien and County Court of Mason County,* 97 W. Va. 343, 125 S. E. 154; *Swearingen v. Bond,* 96 W. Va. 193, 122 S. E. 539; *State ex rel. Noyes v. Lane,* 89 W. Va. 744, 110 S. E. 180; *Ryan v. County Court of Monongalia County,* 86 W. Va. 40, 102 S. E. 731; *State ex rel. Thompson v. McAllister,* 38 W. Va. 485, 18 S. E. 770, 24 L. R. A. 343; *The Board of Supervisors of Mason County v. Minturn,* 4 W. Va. 300. That rule, however, has no application to the question of the power of the zoning authorities to refuse the requested zoning permit or of the board of directors of the city to refuse to amend the ordinance as requested by the petitioners or to deny the petitioners the building permit which they seek and which under the ordinance the board of directors may not grant until a zoning permit has been issued by the zoning authorities. The issue presented does not involve the manner in which the municipal authorities have exercised their discretion, under a valid ordinance, as would have been the issue upon petition to the circuit court to review the decision of the zoning board of adjustment under Code, 1931, 8-5-7, but the validity or the invalidity of the ordinance upon which they rely in refusing to permit the petitioners to use their land for business purposes. If the ordinance, in its application to the property of the petitioners, is invalid, the municipal authorities, as to such property, can not exercise discretion, and no question of control or review by mandamus of the ex-

894

ercise of their discretion is involved or presented. In *Mustard v. City of Bluefield,* 130 W. Va. 763, 45 S. E. 2d 326, cited and relied on by the defendants, this Court recognized and upheld the validity of an unappealed decision of the zoning board of adjustment which obviously involved the exercise of its discretion under the zoning ordinance. No question of the authority of the board of adjustment to enter its original final order, which this Court held could not be reversed by the board upon a subsequent rehearing, or of the validity of the ordinance, was presented, considered or determined, and for that reason the *Mustard* case is distinguished from the case at bar.

There is ample authority that a proceeding in mandamus may be resorted to for the purpose of compelling the issuance of a necessary permit and that the validity of an ordinance which inhibits such permit may be raised and determined in such proceeding. "The question of constitutionality is frequently interposed by a petitioner or relator in mandamus where he claims that a statute or ordinance which, if valid, would excuse the respondent from performing the duty or act in question is invalid. There seems to be no reason why the constitutionality of the act thus relied on may not be raised in such manner and most of the courts have taken this view." 34 Am. Jur., Mandamus, Section 82. Here the excuse of the defendants, the board of directors of the City of Bluefield, in resisting the effort of the petitioners to obtain a writ requiring them to issue a building permit, is that a valid zoning ordinance prohibits the petitioners from using their land for business purposes, denies them a zoning permit for such use, and forbids the board of directors to grant them a building permit because no zoning permit under the ordinance may be issued to the petitioners. If the restrictions imposed by the ordinance are invalid as to their effect upon the land of the petitioners, and for that reason are of no legal force or effect, the petitioners, having complied with the requirement of the building code of the city, are entitled to a building permit and it is the

duty of the board of directors to issue such permit. See *State ex rel. Albert Nunley v. Mayor and City Council of the City of Montgomery,* 94 W. Va. 189, 117 S. E. 888; *State ex rel. Johnson v. City of Charleston,* 91 W. Va. 318, 112 S. E. 577; *State ex rel. Scandrett v. Nelson,* 240 Wis. 438, 3 N. W. 2d 765; 34 Am. Jur., Mandamus, Section 188. "Where a permit has been refused because the desired use or structure violates the letter of the ordinance, the applicant may apply for a mandamus order to compel issuance of the permit. On such application the constitutionality of the ordinance may be passed upon." Smith, The Law and Practice of Zoning, Section 166 and numerous cases there cited. "In the case of a building or use permit refused or cancelled under a void zoning regulation, or contrary to the requirements of a valid zoning ordinance, mandamus to compel the issuance of the permit, or to cancel the revocation thereof, is an appropriate remedy." 58 Am. Jur., Zoning, Section 235.

Numerous decisions of courts of last resort in other jurisdictions hold that mandamus is a proper proceeding in which to attack the validity of a zoning ordinance involving the right of a property owner to a use or building permit. In some of these cases, for lack of a sufficient showing to the contrary, the constitutionality of the questioned ordinance was sustained, and in others the challenged ordinance was held to be invalid. *Zahn v. Board of Public Works of the City of Los Angeles,* 274 U. S. 325, 47 S. Ct. 594, 71 L. ed. 1074; *State of Washington ex rel. Seattle Title Trust Company v. Roberge,* 278 U. S. 116, 49 S. Ct. 50, 73 L.ed. 210, 86 A. L. R. 654; *Smith v. Barrett,* 81 Utah 522, 20 P. 2d 864; *Hedgcock v. People,* 98 Colo. 522, 57 P. 2d 891; *Kenny v. Building Commissioner of Melrose,* 315 Mass. 291, 52 N. E. 2d 683, 150 A. L. R. 490; *Welch v. Swasey,* 193 Mass. 364, 79 N. E. 745, 23 L. R. A. (N.S.) 1160, 118 Am. St. Rep. 523; *Henderson v. City of Greenwood,* 172 S. C. 16, 172 S. E. 689; *Grace Missionary Church v. City of Zion,* 300 Ill. 513, 133 N. E. 268; *State ex rel. Westminster Presbyterian Church of Omaha v. Edgcomb,* 108 Neb. 859, 189 N. W. 617, 27 A. L. R. 437; *State ex rel.*

*Tingley v. Gurda,* 209 Wis. 63, 243 N. W. 317; *Vine v. Zabriskie,* 122 N. J. L. 4, 3 A. 2d 886; *Byrne v. Maryland Realty Company,* 129 Md. 202, 98 A. 547, L. R. A. 1917A, 1216; *Senefsky v. Huntington Woods,* 307 Mich. 728, 12 N. W. 2d 387, 149 A. L. R. 1433; *State ex rel. Lachtman v. Houghton,* 134 Minn. 226, 158 N. W. 1017, L. R. A. 1917F, 1050; *State ex rel. Del Monte v. Woodmansee,* Court of Appeals, Ohio, 72 N. E. 2d 789; *State ex rel. Synod of Ohio v. Joseph,* 139 Ohio St. 229, 39 N. E. 2d 515, 138 A. L. R. 1274; *State ex rel. Fairmount Center Company v. Arnold,* 138 Ohio St. 259, 34 N. E. 2d 777, 136 A. L. R. 840; *State ex rel. Lightman v. Nashville,* 166 Tenn. 191, 60 S. W. 2d 161; *Spann v. City of Dallas,* 111 Tex. 350, 235 S. W. 513, 19 A. L. R. 1387; *Clark v. Greenlee,* 287 Ill. App. 474, 5 N. E. 2d 278; *Tews v. Woolhiser,* 352 Ill. 212, 185 N. E. 827; *Koos v. Saunders,* 349 Ill. 442, 182 N. E. 415; *Forbes v. Hubbard,* 348 Ill. 166, 180 N. E. 767. When a building permit is refused by an administrative official on the ground that the erection of the proposed building would constitute a violation of an applicable zoning ordinance, the generally recognized view is that, in such instance, the constitutionality or the validity of the zoning ordinance relied on for refusing the permit may be raised in a proceeding in mandamus to compel the issuance of the permit. Annotations, 136 A. L. R. 1388.

This Court has held, in a proceeding in mandamus, that a municipal ordinance, which provided that no permit should be granted for the erection of a business building when there are more residences than business houses in a designated area without the consent of three fourths of the resident property owners within the area, was unconstitutional and void as an unreasonable and discriminatory exercise of the police power. *Austin v. Thomas,* 96 W. Va. 628, 123 S. E. 590, 38 A. L. R. 1490. Mandamus lies to compel a city to issue a building permit to a landowner who has fully complied with the requirements of an ordinance and the rules and the regulations governing the issuance of such permit in the absence of any valid

reason for its refusal. *State ex rel. Johnson v. City of Charleston,* 91 W. Va. 318, 112 S. E. 577.

The existence of another remedy will not preclude resort to mandamus for relief unless such other remedy is specific and appropriate to the circumstances of the particular case and requires performance of the duty sought to be enforced. *State ex rel. Looney v. Carpenter,* 106 W. Va. 170, 145 S. E. 184; *City of Philippi v. Tygarts Valley Water Company,* 99 W. Va. 473, 129 S. E. 465; *State ex rel. City of Benwood v. Benwood & McMechen Water Company,* 94 W. Va. 724, 120 S. E. 918; *State ex rel. Hall v. County Court of Monongalia County,* 82 W. Va. 564, 96 S. E. 966; *Eureka Pipe Line Company v. Riggs,* 75 W. Va. 353, 83 S. E. 1020, Ann. Cas. 1918A, 995. Though the writ of mandamus will be denied where another and sufficient remedy exists, if such other remedy is inadequate or is not equally as beneficial, convenient and effective, mandamus is available. *State ex rel. Miller v. Board of Education of Mason County,* 126 W. Va. 248, 27 S. E. 2d 599; *Hardin v. Foglesong,* 117 W. Va. 544, 186 S. E. 308. The tendency in this jurisdiction is to enlarge and advance the scope of the remedy of mandamus, rather than to restrict and limit it, in order to afford the relief a party is entitled to when there is no other adequate and complete legal remedy. *Cross v. West Virginia Central and Pittsburgh Railway Company,* 35 W. Va. 174, 12 S. E. 1071. Mandamus is a proper proceeding to require the issuance of a use or building permit and to raise the question of the constitutionality or the validity of a zoning ordinance which denies the right to such permit, and it affords the most convenient, expeditious and effective available remedy for such purpose.

The remedy by petition, provided by the statute, Code, 1931, 8-5-7, for any person aggrieved by any decision of a zoning board of adjustment, to the circuit court of the county in which the municipality enacting a zoning ordinance is situated within thirty days after the decision has been filed in the office of the board, is neither proper nor

adequate to enable the petitioners to attack the validity of the ordinance. In applying to the city manager for a zoning permit and in appealing to the board of adjustment from his adverse ruling, the petitioners necessarily assumed, with respect to the application, that the ordinance under which they were proceeding was valid and effective. In seeking the permit from the city manager and the board of adjustment they could not consistently challenge the authority of these agencies or attack the validity of the ordinance which constitutes the basis of their existence and the source of their power and authority. See *Rubin v. Board of Directors of City of Pasadena,* 16 Cal. 2d 119, 104 P. 2d 1041; *Drabble v. Zoning Board of Review,* 52 R. I. 228, 159 A. 828. Parties will not be permitted to assume inconsistent positions in the course of a proceeding with reference to the same fact or state of facts. *The Calhoun County Bank v. Ellison,* 133 W. Va. 9, 54 S. E. 2d 182; *Greenbrier Laundry Company v. Fidelity & Casualty Company of New York,* 116 W. Va. 88, 178 S. E. 631; *Central Trust Company v. Cook,* 111 W. Va. 637, 163 S. E. 60; *Ealy v. The Shetler Ice Cream Company,* 110 W. Va. 502, 158 S. E. 781; *Clay County Bank v. Wilson,* 109 W. Va. 684, 158 S. E. 517, *MacDonald v. Long,* 100 W. Va. 551, 131 S. E. 252.

The questions presented by the application, both to the city manager and to the board of adjustment on appeal from his decision, related solely to the right of the petitioners, under the ordinance, to a zoning permit. No question with respect to the validity of the ordinance was, or could have been, raised by the petitioners or considered by the city manager or the board of adjustment. The validity of a zoning statute or ordinance may not be raised in a proceeding before the zoning authorities because of their lack of authority to determine that question and because the applicant may not attack the validity of the ordinance under which he is seeking relief. 58 Am. Jur., Zoning, Section 217, *Baddour v. City of Long Beach,* 279 N. Y. 167, 18 N. E. 2d 18, 124 A. L. R. 1003, appeal dismissed, 308 U. S. 503, 60 S. Ct. 77, 84 L. ed. 431; *Arverne*

*Bay Construction Company v. Thatcher,* 278 N. Y.
222, 15 N. E. 2d 587, 117 A. L. R. 1110. See *National Transportation Company v. Toquet,* 123 Conn.
468, 196 A. 344. The only questions determinable upon
the review are those which were before the board of
adjustment and they did not include, but were wholly distinct from and inconsistent with, any claim of invalidity
of the ordinance. The board of adjustment being without
authority to determine the validity of the ordinance, and
the petitioners having appealed to the board on the assumption that the ordinance was valid, no issue as to the
validity of the ordinance, within the limits of regular or
established appellate procedure, could have been presented
or considered and determined in the first instance upon
petition to the circuit court to review the decision of the
board of adjustment.

The proposition is elementary that the circuit court
can not consider, upon review of the decision of the board
of adjustment, a question not presented or passed upon
by the board or a question which the board could not and
did not decide. Even if an attempt by the petitioners to attack the validity of the ordinance could have been made
by petition to the circuit court, their standing would necessarily have been defeated by their assumption of a position completely at variance with that adopted by them
before the city manager and the board of adjustment by
their act of recognizing the validity of the ordinance to
the extent of applying for the permit required by its
provisions. See *The Calhoun County Bank v. Ellison, . . . .*
W. Va., . . ., 54 S. E. 2d 182; *Greenbrier Laundry Company v. Fidelity & Casualty Company of New York,* 116
W. Va. 88, 178 S. E. 631; *Central Trust Company v. Cook,*
111 W. Va. 637, 163 S. E. 60; *Ealy v. The Shetler Ice Cream
Company,* 110 W. Va. 502, 158 S. E. 781; *Clay County
Bank v. Wilson,* 109 W. Va. 684, 158 S. E. 517; *MacDonald
v. Long,* 100 W. Va. 551, 131 S. E. 252. Instead of affording
the petitioners an adequate remedy by which to attack the
validity of the ordinance, as contended by the defendants,
the review provided by the statute in reality offers no

remedy whatsoever by which they could seek to accomplish that result. See *State ex rel. Tingley v. Gurda*, 209 Wis. 63, 243 N. W. 317; Annotation, 136 A. L. R. 1388.

As already pointed out, the questions presented to and passed upon by the board of adjustment were entirely distinct from the issue of the validity of the ordinance involved in this proceeding in mandamus. For that reason, the contention of the defendants, that the final decision of the board, in refusing the application of the petitioners for a zoning permit, is *res judicata* and conclusive of the issue of the validity of the ordinance presented in this proceeding, is completely devoid of merit. See *Rubin v. Board of Directors of City of Pasadena*, 16 Cal. 2d 119, 104 P. 2d 1041. It is clear beyond question that there is no identity in the relief sought by the petitioners before the board of adjustment in the proceeding involving their application for a zoning permit under the ordinance and the relief which they seek in this proceeding to compel the issuance of a building permit despite the provisions of the ordinance which forbid such action by the board of directors of the city, and that the issues in the two proceedings are not identical but essentially different and distinct. Among the basic requirements of the doctrine of *res judicata* are identity in the thing sued for and identity of the cause of action. There must be concurrence of these essentials of the doctrine in any situation as conditions precedent to its application. *Collins v. Treat*, 108 W. Va. 443, 152 S. E. 205; *Marguerite Coal Company v. The Meadow River Lumber Company*, 98 W. Va. 698, 127 S. E. 644. As there is no concurrence of these two fixed requirements in the proceeding before the board of adjustment and in this proceeding the doctrine has no present application or effect. See also *Women's Kansas City St. Andrew Society v. Kansas City, Missouri* (C.C.A. 8th), 58 F. 2d 593.

The action of the petitioners in applying to the city manager for a zoning permit, in appealing from his adverse ruling to the zoning board of adjustment, and in applying without success to the board of directors for an

amendment of the ordinance to permit them to use their property for business purposes, does not estop them from attacking the validity of the ordinance. In *National Transportation Company v. Toquet,* 123 Conn. 468, 196 A. 344, the Supreme Court of Errors of Connecticut said: "We have never held that resort to an appeal authorized by a law or ordinance in itself precludes an attack upon the validity of that law or ordinance in a subsequent independent proceeding." "To work an estoppel by judgment the former judgment must be directly in point and involve the identical matter presented in the new action." *Griggs v. Griggs,* 214 S. C. 177, 51 S. E. 2d 622. "The general rule is that a property owner is not precluded from resorting to other remedies, for the purpose of attacking the constitutionality of a zoning restriction, by the fact that he had applied to the zoning board to have his property excepted from the operation of the provision, or by the fact that he had applied to a building commissioner for a permit under the ordinance, which had been refused. In other words, a property owner is not precluded from demanding as a right that which previously had been refused him as a favor. The rule that one who voluntarily proceeds under a statute and claims benefits thereby conferred will not be heard to question its constitutionality in order to avoid its burdens has been held not to apply to one who has unsuccessfully sought to secure an exemption of his property from the application of zoning restrictions, since he has received no benefits under the statute. Under these decisions, the property owner is not barred by his failure to raise the question of the constitutionality of the zoning restriction in the proceedings for the variation of the application of the zoning law. This result has been reached on the ground that the property owner may not attack the very law which authorized the remedy he was pursuing. The fact that the administrative body or officer entrusted with the enforcement of provisions permitting a variance in particular cases from the restrictions of a zoning statute or ordinance is without jurisdiction to consider the question of the constitutionality or validity

of the zoning enactment has also been relied on in independent proceedings to test the validity of such enactment as a ground for overruling the contention that because an unsuccessful application for a variance in accordance with the terms of the statute or ordinance was made, the applicant had no standing to challenge the constitutionality of the legislation. These rules have been applied whether the subsequent suit was for a writ of mandamus, or an injunction, or a declaratory judgment." 58 Am. Jur., Zoning, Section 242.

In *Women's Kansas City St. Andrew Society v. Kansas City, Missouri* (C. C. A. 8th), 58 F. 2d 593, the United States Circuit Court of Appeals rejected the contention of the defendant that the plaintiff was estopped to challenge the constitutionality of the zoning statute or the zoning ordinance in question because the plaintiff had asserted rights under these enactments and in so ruling said: "One cannot secure rights or benefits under a statute and at the same time attack it as unconstitutional, but plaintiff here received no benefits under the statute or ordinance, and the receipt of benefits is an essential element of estoppel in this class of cases, *Hurley v. Commission of Fisheries of Va. et al.*, 257 U. S. 223, 42 S. Ct. 83, 66 L. Ed. 206; *Frost, etc., v. Corporation Commission of Oklahoma et al.*, 278 U. S. 515, 49 S. Ct. 235, 73 L. Ed. 483, and, secondly, there has been no change whatever in the position of the city because of plaintiff's action. It seems clear there is no element of estoppel in the situation presented. Plaintiff did seek a re-zoning before the zoning board which was refused. A writ of certiorari to review the same was filed, which upon hearing was quashed. Appeal was taken to the Supreme Court. After that court decided State ex rel. Nigro v. Kansas City et al., 325 Mo. 95, 27 S. W. (2d) 1030, in which the court held the zoning board had no power to re-zone, that the trial court was limited to correcting illegality, and was without power to supervise the board's discretion, plaintiff dismissed its appeal. It caused to be introduced into the city council an ordinance permitting the desired use,

which did not secure the necessary number of votes, * * *. There was no court decision on the merits of the controversy, and the matter could not have been adjudicated in the state action. Plaintiff in its action in the state court was seeking a re-zoning. It misconceived the power of the zoning board and the court to grant the relief. We see no element of res adjudicata in these efforts of plaintiff to secure relief in the state proceedings. Continental Oil Co. v. City of Twin Falls et al., 49 Idaho, 89, 286 P. 353." A property owner, by applying for a use permit under a zoning ordinance, does not waive his right to question the validity of the ordinance in a subsequent proceeding in mandamus. *Clark v. Greenlee,* 287 Ill. App. 474, 5 N. E. 2d 278. See also *Tews v. Woolhiser,* 352 Ill. 212, 185 N. E. 827; *Koos v. Saunders,* 349 Ill. 442, 182 N. E. 415; *Forbes v. Hubbard,* 348 Ill. 166, 180 N. E. 767, in each of which cases the petitioner, before instituting a proceeding in mandamus, had applied for a permit which had been refused.

The contention of the petitioners that the ordinance, in so far as it affects their property, is invalid because it does not promote the health, the safety, the morals, or the general welfare of the city and because it is arbitrary and unreasonable, and for that reason violative of the Constitution of this State and the Constitution of the United States, and the contrary contention of the defendants that the ordinance is valid as a proper exercise of the police power of the State, present the vital issue in this case. In consequence these contentions will be considered and disposed of together.

Since the decision of the Supreme Court of the United States in the leading case of *Village of Euclid v. Ambler Realty Company,* 272 U. S. 365, 47 S. Ct. 114, 71 L. ed. 303, 54 A. L. R. 1016, zoning ordinances establishing residential districts from which business and trade of every kind are excluded have been widely recognized as valid with respect to their general scope and dominant features as a proper exercise of the police power of the

State. See Annotations, 86 A. L. R. 659 and 117 A. L. R. 1119 and cases cited. Such ordinances, however, are justified only by the exercise of some aspect of the police power in the interest of the public, *State ex rel. Seattle Title Trust Company v. Roberge,* 278 U. S. 116, 49 S. Ct. 50, 73 L. ed. 210, 86 A. L. R. 654; *Dowsey v. Village of Kensington,* 257 N. Y. 221, 177 N. E. 426, 86 A. L. R. 642; and to be valid they must bear some real or substantial relation to the public health, safety, morals, or the general welfare of the area affected. *Nectow v. City of Cambridge,* 277 U. S. 183, 48 S. Ct. 447, 72 L. ed. 842; *Women's Kansas City St. Andrew Society v. Kansas City, Missouri* (C.C.A. 8th) 58 F. 2d 593; *Hurst v. Burlingame,* 207 Cal. 134, 277 P. 308; *Forbes v. Hubbard,* 348 Ill. 166, 180 N. E. 767; *Sundlun v. Zoning Board of Review,* 50 R. I. 108, 145 A. 451; *Standard Oil Company v. City of Bowling Green,* 244 Ky. 362, 50 S. W. 2d 960, 86 A. L. R. 648; *Freeman v. Board of Adjustment,* 97 Mont. 342, 34 P. 2d 534.

A statute or an ordinance may not, however, under the guise of the police power, impose arbitrary or unreasonable restrictions upon the use of private property or the pursuit of useful activities. *Lawton v. Steele,* 152 U. S. 133, 14 S. Ct. 499, 38 L. ed. 385; *Anderson v. Jester,* 206 Iowa 452, 221 N. W. 354; *Merrill v. City of Wheaton,* 356 Ill. 457, 190 N. E. 918. An ordinance may be valid in its general scope and broad outline and at the same time be arbitrary and unreasonable in its application to a particular property. *Koch v. Toledo* (C.C.A. 6th) 37 F. 2d 336; *Nectow v. City of Cambridge,* 277 U. S. 183, 48 S. Ct. 447, 72 L. ed. 842; *Village of University Heights v. Cleveland Jewish Orphans' Home* (C.C.A. 6th) 20 F. 2d 743, 54 A. L. R. 1008; *Women's Kansas City St. Andrew Society v. Kansas City, Missouri* (C.C.A. 8th) 58 F. 2d 593; *Smith v. Barrett,* 81 Utah 522, 20 P. 2d 864; *People ex rel. Kirby v. City of Rockford,* 363 Ill. 531, 2 N. E. 2d 842; *Taylor v. Moore,* 303 Pa. 469, 154 A. 799; *Arverne Bay Construction Company v. Thatcher,* 278 N. Y. 222, 15 N. E. 2d 587, 117 A. L. R. 1110; *Glencoe Lime and Cement Co. v. City of St. Louis,* 341 Mo. 689, 108 S. W. 2d 143;

*Rowland v. Racine,* 223 Wis. 488, 271 N. W. 36; *City of Pleasant Ridge v. Cooper,* 267 Mich. 603, 255 N. W. 371; *Reschke v. City of Winnetka,* 363 Ill. 378, 2 N. E. 2d 718; *Ehrlich v. Wilmette,* 361 Ill. 213, 197 N. E. 567; *Merrill v. City of Wheaton,* 356 Ill. 457, 190 N. E. 918; *Tews v. Wool-hiser,* 352 Ill. 212, 185 N. E. 827; *People ex rel. Lind v. Rockford,* 354 Ill. 377, 188 N. E. 446; *Hedgcock v. People,* 98 Colo. 522, 57 P. 2d 891.

When the validity of the restrictions imposed by a zoning ordinance is challenged each case should be determined on its own particular facts. *Women's Kansas City St. Andrew Society v. Kansas City, Missouri* (C.C.A. 8th), 58 F. 2d 593; *Forbes v. Hubbard,* 348 Ill. 166, 180 N. E. 767; *City of Lincoln v. Foss,* 119 Neb. 666, 230 N. W. 592; McQuillin Municipal Corporations, Second Edition, Volume 3, Section 1034.

In passing upon an ordinance imposing zoning restrictions courts will not substitute their judgment for that of the legislative body charged with the duty of determining the necessity for and the character of zoning regulations, and, where the question whether they are arbitrary or unreasonable is fairly debatable, will not interfere with the action of the public authorities. *Zahn v. Board of Public Works of the City of Los Angeles,* 274 U. S. 325, 47 S. Ct. 594, 71 L. ed. 1074; *Gorieb v. Fox,* 274 U. S. 603, 47 S. Ct. 675, 71 L. ed. 1228, 53 A. L. R. 1210; *West Bros. Brick Company v. City of Alexandria,* 169 Va. 271, 192 S. E. 881. The power to interfere by zoning regulations with the general rights of a landowner by restricting the character of his use is not unlimited and a restriction can not be imposed unless it bears a substantial relation to the public health, safety, morals or the general welfare. *Nectow v. City of Cambridge,* 277 U. S. 183, 48 S. Ct. 447, 72 L. ed. 842. Private property may not be taken without compensation, even for a public purpose or to advance the general welfare. *Arverne Bay Construction Company v. Thatcher,* 278 N. Y. 222, 15 N. E. 2d 587, 117 A. L. R. 1110; *Eaton v. Sweeny,* 257 N. Y. 176, 177 N. E. 412.

Keeping these principles in mind and applying them to the facts in this case, as contained in the allegations of the petition which upon demurrer must be taken as true, the ordinance of the City of Bluefield, though valid in its general scope, is clearly arbitrary and unreasonable in its application to the property of the petitioners. The area of the city in which their lots are situated is devoted principally to industrial and business uses in conformity to the zoning regulations imposed by the ordinance. The western portion of the same block in which the lots of the petitioners are located, the entire block immediately to the west, a portion of the second block to the west, and the second and third blocks to the east of the block in which the lots of the petitioners are located, are zoned for business purposes. Directly opposite the land of the petitioners on the north side of the street on which their land abuts, the area for several hundred feet, both east and west of their property, is zoned for industrial or business uses. The entire area is in close proximity to the main line of a railroad company and one of its large railway yards. The section is noisy and affected by smoke and dirt from the operations of the nearby railroad. The street on the south side of which the land of the petitioners is located is one of the main business thoroughfares of the city and is constantly used for all kinds of traffic in connection with business and industrial activities.

The predominate use of the greater part of the area is business or industrial and it is generally unsuitable for residential purposes, as is indicated by the entire absence of any new or recently constructed residence and the existence of only two or three old residence buildings upon land abutting on either side of Bluefield Avenue throughout its entire length within the city. The effect of the zoning restrictions imposed by the ordinance upon the property of the petitioners is to deprive them of their right to use or enjoy it in any suitable or proper manner other than for residential purposes. The permission given by the ordinance to other landowners in the same area to use their properties for business or industrial pur-

poses indicates clearly that such use does not adversely affect, impair or endanger the health, the safety, the morals, or the general welfare of that portion of the city. The same use of their property by the petitioners would not cause or tend to produce a different result or any substantial change in that respect or be detrimental to the public health, safety, morals, or the general welfare.

In depriving the petitioners of the right to use their property in the same manner in which it permits other landowners to use their properties in the same area, the ordinance has no real or substantial relation to the public health, safety, morals, or the general welfare of the city and, for that reason, as it applies to the land of the petitioners, its validity can not be sustained. The effect of the ordinance is to depreciate and impair the value of their property to the extent of eighty per cent of its actual present value if it could be devoted to business purposes or to any other use for which it is most suitable and presently available. In short, the restrictions imposed by the ordinance damage the land of the petitioners as much as four fifths of its real and actual worth and seriously interfere with its proper enjoyment for business purposes for which it is best suited. The substantial interference with the beneficial use of their land and the serious depreciation in its value which result from the ordinance amount to a taking of private property without compensation, *Fruth v. Board of Affairs,* 75 W. Va. 456, 84 S. E. 105, L. R. A. 1915C, 981; *State ex rel. Johnson v. City of Charleston,* 91 W. Va. 318, 112 S. E. 577, and, in consequence, the ordinance, in its application to the property of the petitioners, violates Section 9, Article III of the Constitution of this State. This interference in its use and this depreciation in its value also deprive the petitioners of their property without due process of law and deny them the equal protection of the laws in violation of the Fourteenth Amendment to the Constitution of the United States. *Wolff Packing Company v. Court of Industrial Relations,* 262 U. S. 522, 43 S. Ct. 630, 67 L. ed. 1103, 27 A. L. R. 1280; *Nebbia v. People of State of New York,*

291 U. S. 502, 54 S. Ct. 505, 78 L. ed. 940, 89 A. L. R. 1469;
*Lakewood Express Service v. Board of Public Utility Commissioners*, N. J., 61 A. 2d 730. As it applies to the land of the petitioners the ordinance is arbitrary and unreasonable and, to that extent, is invalid and of no legal force or effect. *People ex rel. Lind v. Rockford*, 354 Ill. 377, 188 N. E. 446; *Arverne Bay Construction Company v. Thatcher*, 278 N. Y. 222, 15 N. E. 2d 587, 117 A. L. R. 1110; *Glencoe Lime and Cement Co. v. City of St. Louis*, 341 Mo. 689, 108 S. W. 2d 143; *Rowland v. Racine*, 223 Wis. 488, 271 N. W. 36; *City of Pleasant Ridge v. Cooper*, 267 Mich: 603, 255 N. W. 371; *Reschke v. City of Winnetka*, 363 Ill. 378, 2 N. E. 2d 718; *Ehrlich v. Wilmette*, 361 Ill. 213, 197 N. E. 567; *Dorsey Motors v. Davis*, 13 N. J. Misc. R. 620, 180 A. 396; *Merrill v. City of Wheaton*, 365 Ill. 457, 190 N. E. 918; *Tews v. Woolhiser*, 352 Ill. 212, 185 N. E. 827; *Hedgcock v. People*, 98 Colo. 522, 57 P. 2d 891.

The purchase of the lots by the petitioners after the ordinance became effective from a person who owned them when it was enacted and afterwards conveyed them to the petitioners is of no importance. The validity or the invalidity of the ordinance is the same with respect to each owner. If it was not valid in its application to the lots of the former owner it is not valid as to the petitioners, who stand in the place of their grantor and succeed to and possess the same rights that he possessed. *Women's Kansas City St. Andrew Society v. Kansas City, Missouri* (C.C.A. 8th), 58 F. 2d 593.

For the foregoing reasons, the judgment of the circuit court in sustaining the demurrers of the defendants and in dismissing the petition is reversed and set aside and this proceeding is remanded to that court with directions to hear and determine the issues involved in accordance with the principles stated in this opinion.

*Reversed and remanded with directions.*