STATE *ex rel.* J. LEONARD BAER, *et al.*

*v.*

CITY OF BECKLEY, A MUNICIPAL CORPORATION, *et al.*

(No. 10161)

Submitted October 11, 1949. Decided December 6, 1949.

Lovins, Judge, not participating.

*Mahan, White & Higgins, Chas. E. Mahan,* for plaintiffs in error.

*Scherer, Bowers & File, W. H. File, Jr., Joseph Luchini,* for defendants in error.

Kenna, Judge:

On August 17, 1948, J. Leonard Baer, later joined by Rose R. Baer, his wife, a co-owner, filed his petition in the Circuit Court of Raleigh County seeking a writ of mandamus against the City of Beckley, a municipal corporation, to require that city, through its Planning Commission, to grant petitioners a "special use permit" to construct a business building to be used as a market upon their jointly owned lot on the northwest corner of South Kanawha Street and Beaver Avenue in the City of Beckley and within the area of that city zoned for residential building only. On August 25 a special judge was selected to hear the matter and on September 18 the persons residing in the immediate vicinity of the proposed market were granted leave to file their petition in opposition to the issuance of the writ sought. The rule being made returnable on November 10, on that day certain documents, maps, et cetera were stipulated into the record, defendants filed a plea of *res adjudicata,* a plea to the jurisdiction and a demurrer to the amended petition. The same order overruled petitioners' demurrer to the special pleas and sustained the defendants' demurrer to the amended petition, certifying to this Court the questions of law so raised. On February 28, 1949, the papers were returned to the Circuit Court of Raleigh County without considering the motion to docket the certification because made too late. On March 16, 1949, the Circuit Court of Raleigh County rendered judgment for the defendants. To that judgment this writ of error was granted.

Although the petitioners seek what is known as "a special use permit" to be granted by the Planning Commission of the City of Beckley under the zoning ordinance of that municipality, they attempt to attack as utterly invalid the zoning ordinance sought to be enforced by mandamus, taking the position that the City of Beckley is without authority to enact measures of that sort without first submitting the question of its approval or disapproval to a referendum under the terms of Code, 8-5-10. The respondents answer this contention by stating simply that the City of Beckley is not proceeding under powers conferred upon municipalities by the general statutory provisions referred to, but is acting under Section 21 of the special charter of the City of Beckley, being Chapter 18 of the Acts of the Legislature of West Virginia of 1927 containing, among other pertinent provisions, the following:

> "(23)  For the purpose of promoting health, safety, morals, or the general welfare of the city and community, the council is hereby empowered to establish building lines, regulate and restrict the location and use of buildings, structures, and land for trade, industry, residence or other purposes.

> "(24)  For any or all of said purposes the council may divide the city into districts of such number, shape and area as may be deemed best suited to carry out the purpose of this act, and within such districts it may regulate and restrict the erection, construction, alteration, repair or use of buildings, structures, or land. All such regulations shall be uniform for each class or kind of buildings throughout each district, but the regulations in one district may differ from those in other districts."

To the contention of counsel for the relators that the adoption of the Code of 1931 operated as a repeal of the charter powers of the City of Beckley to zone its territory due to the fact that Article 5 of Chapter 8 of that Code made zoning by municipalities a general statute, the City of Beckley replies by directing attention to the fact that

a city charter is a local law and that Section 3 of Chapter 63 of the Code expressly provides that special or local laws are not to be repealed by the enactment of the Code. Counsel for respondent further comment that Chapter 8 expressly provides that all municipalities of the State shall be subject to its provisions except where otherwise provided by special charter and that where Chapter 8 confers powers upon municipalities not granted by a special charter that Chapter 8 shall be considered an amendment to the special charter, thus recognizing not only that special or local laws are not repealed by the adoption of the Code, but expressly applying that rule to the special charters of municipalities.

We are of the opinion that the position of the City of Beckley on this question is unassailable and consequently that its city council in adopting a zoning ordinance was acting under the charter provisions contained in Chapter 18 of the Acts of 1927 and no referendum was required for that purpose.

It is contended by the relators that the zoning ordinance of the City of Beckley is invalid because it fails to provide for an appeal from, or review of, the findings of the Planning Commission thereby created, the function of which is admittedly partly judicial. We believe that there might be substance in this position were it not for the fact that in this jurisdiction a writ of certiorari fills that need. Code, 53-3-2 and cases cited under Annotation II B.

The relators' contention that the zoning map was not properly adopted as a part of the zoning ordinance is due to a mistake. The revised zoning map upon which this proceeding is based is attached to and made a part of the zoning ordinance adopted by the City of Beckley's city council. If there is a map to be given preference this record does not so show.

As to the contention that the zoning ordinance of the City of Beckley is discriminatory, confiscatory, and in violation of the due process clause, we believe that in general these questions have been passed upon by this Court.

*Carter* v. *Bluefield*, 132 W. Va. 881, 54 S. E. 2d 747. As to the application of those questions to the specific case before the Court as was done in the *Carter* case we are of opinion that is of no benefit to the relators' contentions. This property was bought by the Baers in 1943. If they acquired it for the purpose of constructing a market, as they allege, they had three years in which to do so before the area in which their property lay was zoned. After they acquired the lot and after that neighborhood was zoned they sold a considerable part of the lot to a Dr. Gwinn, assuring him that the property was permanently zoned within the residential area. It is so alleged in the intervening petition signed by Dr. Gwinn and neither challenged nor denied in any of the numerous papers filed by the Baers in this proceeding. The Planning Commission of the City of Beckley held public hearings on the petition of the Baers for a special use permit and received a paper of protest from approximately forty citizens residing in the same neighborhood. Petitioners have failed to show that they in any way have been deprived of a vested right. When they bought their property they acquired title subject to the lawful regulatory powers of the City of Beckley. Zoning is one of those powers. Relators have been deprived of nothing of value.

Based upon the foregoing observations the judgment of the Circuit Court of Raleigh County is affirmed.

*Affirmed.*