456 S.E.2d 498

**James A. PRETE, Plaintiff Below, Appellee,**

v.

**CITY OF MORGANTOWN, a Municipal Corporation, Defendant Below, Appellant.**

**No. 22303.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 24, 1995.

Decided March 24, 1995.

Stephen R. Fanok, Patrick McGinley, Morgantown, for appellant.

David J. Straface, Angotti & Straface, L.C., Morgantown, for appellee.

## PER CURIAM:

In this appeal, the appellant, the City of Morgantown, claims that the Circuit Court of Monongalia County erred in issuing a writ of mandamus directing it to rezone certain property owned by James A. Prete. The City contends that the appropriateness of the rezoning was fairly debatable and that, under the "fairly debatable" standard followed by this Court, the circuit court improperly interfered with its zoning decision.

After reviewing the questions raised and the facts presented, we agree with the City. We, therefore, reverse the decision of the circuit court.

James A. Prete, the zoning of whose property is in issue in this case, filed a petition with the City of Morgantown requesting the property's zoning classification be changed from PRO and B–1 to B–3. The PRO and B–1 classifications permitted Mr. Prete to use the property only for residential and low-density office and neighborhood shopping and service uses. The change in classification would have permitted Mr. Prete to use the property for the relatively intense retail and service businesses normally found in central business districts.

After Mr. Prete's petition was filed, the staff of the Morgantown City Planner submitted a report which indicated that Mr. Prete's property was located along cross-town traffic routes and served more as a community business district than as a neighborhood business district. The report also indicated that the property was already developed to the extent that the difference in uses between B–1 and B–3 did not pose a valid concern, and the continued development of West Virginia University had created increased demands for services in the area.

After the Morgantown City Council discussed Mr. Prete's petition, an ordinance which would have rezoned the property was presented to the City Council on November 7, 1990. The ordinance "died on the floor." [1] Mr. Prete then petitioned the Circuit Court of Monongalia County to mandamus the City to alter the zoning of his property.

The circuit court, after the case had been developed, and after the parties had argued their respective positions, found that there was no evidence that the City's zoning ordinance, as it applied to Mr. Prete, bore any substantial relation to the public health, safety, morals, or general welfare of the City, and consequently concluded that the ordinance was unconstitutionally arbitrary, capricious, and unreasonable. The court, therefore, issued a writ of mandamus directing the City to enact an ordinance amendment rezoning Mr. Prete's property.

In the present proceeding, the City of Morgantown contends that the circuit court, in effect, substituted its judgment for that of the City and erred as a matter of law in applying the improper standard in deciding to intervene in the case.

In *Carter v. City of Bluefield*, 132 W.Va. 881, 54 S.E.2d 747 (1949), this Court recognized that the process of rezoning is a function that a municipality might legitimately perform under a statutory delegation of police power by the State. The Court, however, further held that the zoning power must

---

1. The exact nature of the action, or inaction, taken by the City is unclear from the record. It is clear, however, that the City refused to rezone the property as requested by Mr. Prete.

not be exercised by a municipality in an arbitrary or unreasonable manner and that the exercise must bear a substantial relation to the public health, safety, morals, or the general welfare of the municipality. The Court also stated that:

> A zoning ordinance of a municipality, creating use districts and imposing restrictions upon the use of property in the various districts, which, as applied to particular property, does not bear a substantial relation to the public health, safety, morals, or the general welfare of the municipality, and is clearly arbitrary and unreasonable in depriving the owner of the beneficial use of his property and in substantially depreciating its value, is, as to the such property, invalid as violative of Sections 9 and 10, Article III of the Constitution of this State and the Fourteenth Amendment to the Constitution of the United States.

Syllabus point 9, *Carter v. City of Bluefield, Id.*

In the *Carter* case, the Court also indicated that the judiciary should not, as a general rule, interfere with a municipality's zoning decision. The Court said:

> In passing upon an ordinance imposing zoning restrictions courts will not substitute their judgment for that of the legislative body charged with the duty of determining the necessity for and the character of zoning regulations and, where the question whether they are arbitrary or unreasonable is fairly debatable, will not interfere with the action of the public authorities.

*Id.* at 905, 54 S.E.2d at 761.

In making this statement, the Court, in essence, adopted the so-called "fairly debatable" standard of judicial intervention in zoning decisions, a standard upheld by the Supreme Court of the United States in *Village of Euclid v. Ambler Realty Co.*, 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926).

■ Under this standard, courts have recognized that although it is appropriate to intervene in a zoning decision when it is clear that the decision is arbitrary or unreasonable, or when the decision clearly bears no substantial relation to the public health, safety, morals, or general welfare, it is inappropriate to intervene when it is "fairly debatable" whether the decision is arbitrary or unreasonable or whether it bears a substantial relation to the appropriate public concerns. On this point, this Court stated in syllabus point 4 of *DeCoals, Inc. v. Board of Zoning Appeals*, 168 W.Va. 339, 284 S.E.2d 856 (1981):

> Courts are not disposed to declare an ordinance invalid in whole or in part where it is fairly debatable as to whether the action of the municipality is arbitrary or unreasonable.

*See also, Town of Stonewood v. Bell*, 165 W.Va. 653, 270 S.E.2d 787 (1980); and *G–M Realty, Inc. v. City of Wheeling*, 146 W.Va. 360, 120 S.E.2d 249 (1961).

Insofar as we are aware, what is "fairly debatable" has never been directly addressed by this Court. We, however, note that the Supreme Court of Appeals of Virginia has indicated that an issue is "fairly debatable" when, measured by both quantitative and qualitative tests, the evidence offered in support of the opposing views would lead objective and reasonable persons to reach different conclusions. *Board of Supervisors of Fairfax County v. Pyles*, 224 Va. 629, 300 S.E.2d 79 (1983); and *Bell v. City Council of City of Charlottesville*, 224 Va. 490, 297 S.E.2d 810 (1982).

In this Court's view, the Virginia court's criteria for determining what is fairly debatable are consistent with the reasoning heretofore applied by this Court in the West Virginia cases and are reasonably consistent with the generally recognized view of what is fairly debatable.

The documents filed in the present case show that the circuit judge, in ordering the rezoning of Mr. Prete's property, apparently reached three general conclusions from the evidence presented. First, he believed that the property surrounding Mr. Prete's property was zoned B–3, the zoning classification which Mr. Prete sought. Secondly, he believed that portions of Mr. Prete's property were already being utilized for uses higher than that allowed by the B–1 and PRO classi-

fications in which they were placed. After focusing on the two points, the circuit judge concluded that the City Council's refusal to rezone Mr. Prete's property was an arbitrary and unreasonable act. Lastly, the circuit judge opined that, based upon the evidence, rezoning Mr. Prete's property to the B–3 classification would not, in a negative way, impact upon the neighborhood. Accordingly, he held that the refusal to rezone bore no reasonable relationship to the public health, safety, morals, or general welfare.

■ We believe that there was evidence adduced supporting the circuit court's finding that the property surrounding Mr. Prete's property was zoned B–3 and that property in the area was utilized in a manner permitted under the B–3 classification. There was, however, other evidence suggesting that portions of the immediate area were not used for B–3 purposes. Many of the B–3 properties in the immediate neighborhood were located along a four-lane highway several hundred feet from Mr. Prete's property. Mr. Prete's property, on the other hand, was located along a two-lane road and abutted and was wedged between B–1 properties in a predominately residential section.

Somewhat similarly, although there was evidence that rezoning Mr. Prete's property would not negatively impact on the neighborhood, there was also evidence that the street which Mr. Prete's property abutted was a two-lane way which did not meet the design criteria for an arterial street and which could not be improved due to its narrow, twenty-seven-foot right-of-way. Further evidence showed that changing the property to a B–3 classification could generate more street traffic, impacting upon the traffic situation and impacting upon residential aspects of the area. Other evidence showed that rezoning Mr. Prete's property would eliminate a buffer zone between that property and a county junior high school.

In this case, this Court believes that, given the evidence before the City Council, whether the City Council's decision was arbitrary and unreasonable was fairly debatable. The evidence was such, both quantitatively and qualitatively, as would lead objective and reasonable persons to reach different conclusions. While there was evidence that the overall neighborhood in which Mr. Prete's property was located was B–3 property, there was also evidence that the neighborhood was not consistently B–3 and that property in the immediate neighborhood of Mr. Prete's property carried other classifications. Also, the Court believes that whether the refusal to rezone bore a substantial relationship to the health, safety, morals, or general welfare of the public was fairly debatable. Although there was some evidence supporting the circuit court's conclusion that it was not, there was also evidence that rezoning could generate additional traffic, a factor which would impact on public safety. Additionally, there was evidence that a public school might be impacted by the zoning decision.

After reviewing the documents filed in this case, this Court believes that the propriety of the rezoning of Mr. Prete's case was fairly debatable. Under such circumstances, the cases cited indicate that judicial intervention in the zoning decision is inappropriate.

In view of all this, this Court believes that the Circuit Court of Monongalia County erred in interfering with the zoning decision of the City of Morgantown and that, under the circumstances, the ruling of the circuit court should be reversed and set aside, and that this case should be remanded with directions that the writ of mandamus issued by the circuit court should be dismissed.

Reversed and remanded.

BROTHERTON, J., did not participate.

FOX, Judge, sitting by temporary assignment.